IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

**STATE OF DELAWARE**          )
                               )
v.                             )   ID: 0002014423
                               )
**ANTHONY L. GAINES**          )

This 2nd day of June, 2005, upon consideration of defendant's motion for reduction/modification of sentence, the presentence report/prior record, and the sentence imposed upon the defendant;

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for reduction/modification of sentence is DENIED for the following reason(s):

- ☐ The sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant. Superior Court Criminal Rule 11(e)(1)(c).

- ☒ The motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred. The Court does not find the existence of any extraordinary circumstances.

- ☒ Pursuant to Superior Court Criminal Rule 35(b), the court will not consider repetitive requests for reduction or modification of sentence.

- ☐ The sentence imposed is mandatory and cannot be reduced or suspended.

- ☒ The sentence was imposed after a violation-of-probation hearing was held, and the Court determined the defendant had violated the terms of his probation. The defendant is not amenable to probation at this time.

- ☐ The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

- ☒ Other: The current motion, incorrectly titled as a motion for postconviction relief, makes no claims for such relief. The current motion is only a motion for sentence modification.

Judge Jerome O. Herlihy



**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:   Steven Wood
      Department of Justice

FROM: Angela M. Hairston, Criminal Deputy

DATE: June 1, 2005

RE:   State of Delaware vs. Anthony Gaines
      Case I.D.#  0002014423
      Cr.A. # VN00-03-0512R1

---

The enclosed motion for postconviction relief was filed by the defendant in the above captioned case on May 25, 2005. The State is not required to file a response unless ordered, pursuant to Super.Ct.Crim.R. 61(c)(4) and 61(f)(1). Please forward the enclosed copy to the appropriate Deputy Attorney General. Thank you very much.

cc:   file

http://courts.state.de.us

## History of the Case

On January 10, 2001 Petitioner was sentenced by Judge: Gebelein to five years suspended for six months, level 5, 6 months level 4. Home confinement, 18 months level 3. 2 years, 6 months level 2.

Petitioner maxed out 6 months level 5. Also 3 months level 5. Awaiting level 4, Home confinement Dec. 6, 2001

Ten days before completing level 4 home confinement petitioner violated.

Petitioner was sentenced on Dec. 20, 2001. Judge: Gebelein reducted the sentence to 4 years and 3 months to give credit for time served.

Petitioner served more time at level 5, which reduced his time to 2 years level 5. and 1 year 9 months level 4./Crest.

Superior Court Criminal Docket 12-20-2001 Sentence: Off-line sentencing order, signed and filed 12-26-2001. See file for actual order--online version is not verbatim. Judge: Gebelein

Petitioner was never properly credited for the 2 years level 5, plus 2 months good time he served.

Petitioner participated 1 year in the Key North Program and earned 1 month good time.

2

On 3-7-2003, Petitioner was granted a motion for modification of sentence of the level 4 portion, to wit, 1 year, 9 months Crest. Suspended for 6 months work release.

Petitioner maxed out his 2 years level 5, and 6 months work release on level 5.

Petitioner earned 12 days good time for the 6 month portion waiting at level 5, for level 4 work release.

Petitioner violated level 3, Probation on 6-22-2004 and appeared before Judge Herlihy on 7-9-2004.

Petitioner was not provided any notice that Judge Herlihy was replacing Judge Gebelein who had been petitioner judge for five years.

Judge Herlihy told petitioner he was to be given credit for 6 months of work release level 5.

Judge Herlihy on 7-9-2004 sentenced petitioner to 2 years level 5, upon recommendation of TASC.

Petitioner never had level 4, or TASC. However, TASC Officer Martin was the counselor who discharged petitioner from Key North level 5 program. Representing a conflict of interest.

Petitioner's Mother contacted TASC Officer Martin told Mrs. Gaines that he will evaluate petitioner after two years.

Petitioner worked with counselor at SCI Georgetown, and TASC Officer Mrs. Jackie Marsh from Dover Office.

After 6 months TASC Officer recommanded level 5. Mr. Martin's Office.

Petitioner has corresponded with Treatment Supervior at Hogar Crea Internation, Inc. has a bed waiting for petitioner at 1126 East Brandywine Street. Wilmington, De. 19802 Phone #(302)654-1158

Count I. Changing from Judge: Gebelein to Judge: Herlihy with notification violates, Rule. 82, 37 And the 6th and 8th Amendments to the U.S. Constitution.

Petitioner has a right to prior notification of change of judge especially since Judge: Gebelein was familiar with all faces of the case while Judge: Herlihy was not.

Count II. Sentence petitioner to level 5. Violates TIS and Petitioner procedureal Due Process. TIS Guidelines state that an offender who does not pick up a new charge can only be moved up one level.

Since petitioner was on level 3, and did not pick up a new charge, he could only properly be moved up to level 4. Not be on level 5. And have TASC recommanded level 5.

4

By moving petitioner to level 5. Judge Herlihy violated T.I.S and petitioner's due process.

Count III. Petitioner was subjected to Double Jeopardy by being Incorrectly Re-Sentenced to two years level 5, which enhanded his sentence.

Judge Herlihy erred by sentence petitioner to two years of level 5, when petitioner did not have two years remaining on his sentence.

Count IV. Failure to credit petitioner for serving 2 years level 5 and 2 month good time, violates petitioner Due Process and amounts to Double Jeopardy.

Petitioner of 2 years at level 5, and his earning 9 months 12 days good time has not been deducted from his sentence on 7-9-2004. Thus petitioner is being forced to serve time he has already served.

That violated petition due process and amounts to double jeopardy.

Count V. Petitioner has a bed awaiting him for treatment where court nor TASC recommanded.

## Conclusion

Petitioner has completed 1 of 2 of the years he was court order at level 5.

Department of Correction Mental Health Evluate seeks treatment not prison.

Check offline sentencing order 12-26-2001 see file for actual order Judge Gebelein.

5.

Petitioner prays, that honorable court to grant his writ of habeas corpus and grant credited/time and or Hogar CrEA forthwith.

Respectfully Submitted

Date: 7-27-2005

Anthony L. Gaines

# HOGAR CREA INTERNATIONAL, INC. OF DELAWARE

---

1126 East Brandywine Street
Wilmington, Delaware 19802
Phone # (302) 654-1158
Fax # (302) 777-5074

November 5, 2004

John G. Selvaggi
Senior U. S. Probation Officer
824 Market Street, Suite 400
Wilmington, DE. 19801-3588

RE: Orientation on Prison Procedures

Dear Mr. Selvaggi:

The purpose of this correspondence is to seek some orientation that will allow me to help a potential candidate for treatment, who's currently incarcerated. One of Hogar CREA Int'l, Inc. of Delaware's goals is to acquire the ability to go into the Prison System to offer orientation and education on the benefits of entering our long-term residential drug & alcohol treatment program.

I have recently been presented with a case of a neighbor, who is currently being held at Delaware Correctional Center in Smyrna, DE., and whose family members claim to have had difficulty understanding some of the situations surrounding his incarceration. The inmate has apparently been violated for substance abuse and they accept that, however he has been placed in maximum security as a result of an alleged altercation, and has had limited if any communication with his loved ones.

Please excuse me if this is too much to ask, but any information or light that you might shed on this situation will be greatly appreciated, especially if it can lead to an admission into our program and the possibility of a success story.

Please feel free to contact me with regards to this requset.

Respectfully;

Alex Vega
Treatment Supervisor

## HOGAR CREA INTERNATIONAL, INC. OF DELAWARE

1126 East Brandywine Street
Wilmington, Delaware 19802
Phone # (302) 654-1158
Fax # (302) 777-5074

February 23-2005

Anthony L. Gaines
SBI # 181314   Unit SHU-19-BU-11
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Dear Anthony:

I hope that when you receive this letter, you are in good health and spirit. I apologize that I have not written to you sooner but I've been asked to Supervise both facilities in Delaware and am overwhelmed with work, however I've been trying to get as much information as possible with regards to your case. From what I've been told if you violated Level 3 probation, you will have to do the complete sentence of the condition of the Level 3 probation. So if your Level 3 was for two years, and you were found in violation, then they will not give you credit for say the 9 months completely, because it's all or nothing. In other words, you either completed the two years of Level 3 or failed to complete it. Now the other way to approach it, is to say or ask for drug & alcohol treatment, because as a result of a relapse you were irresponsible with the conditions of the Level 3 status, but would like to have an opportunity to try a different type of program, which is where Hogar CREA comes in because we are one of the few long-term residential facilities around. What they should be doing now is considering you for this option, but remember they aren't obligated to do anything because it was you who failed at Level 3. What I suggest to you is that the only way that they will even consider you for anything that may be seen as an opportunity, is by having exemplary conduct, or simply not getting into any problems or altercations with any other inmate or officer.
I can tell you as I communicated to the warden in a letter that Hogar CREA is a program that's here to help the community and as our neighbor, we will definitely provide a treatment bed for you. What I still don't know is if you are ever going to go before the judge again, and if so when or if you have to wait to go before the probation board, etc. But again no probation board is going to hear a case to release someone to the community, who is still having behavior problems while incarcerated. You have to prove to them that you are willing and able to handle situations without resorting to drugs or violence. Anthony, I believe that this is what we have going on and if you have any more information that can help me, help you then please feel free to write. Hogar CREA is willing to help in any way. I've also spoken to your mom, about a possible visit, however I would have to be given notice in advance to work it around my schedule.
God Bless You and Stay Strong.

*[signature]*
TX Supervisor

(1)

Mother
Lena Gaines

He do not fight   Just right.   No risk or threat
community 19802

Anthony Gaines Tony

Cingil ?

NATE REYNOLDS

Spark Green

Bruce Jones

Larry White

Mr. G Mitchell

Charles Edwards

Malik Davidum

Charles M. Reeves Jr

William Rhodes

Hector Rodriguez

Mike Ikban

Kesten matthews

ED MAC

Michael Andrews

Ray Hall

HEATHER ESTI SLEMMER
NOTARY PUBLIC
State of Delaware
My Commission expires on Jul. 14, 2005

Heather E Slemmer
2/14/05