142



—— Just right.

Alan H. Ingold
Maila Johnson
Andrea Crawford
[illegible] McKinse
Juan Paulson
[illegible] Skinner
Bridgette Duff
Robert L Bartell Jr.
[illegible]
Robert Jackson

HEATHER ESTI SLEMMER
NOTARY PUBLIC
State of Delaware
My Commission expires on Jul. 14, 2005

[notary signature]
2/14/05



—— Just right.

Rosetta Stansbury
Edward Stansbury
Alvin E. Carter Jr
Aline V. Carter
Gracie R Huggins
Lois J Stovall
Veronica Stovall
Opal & Gail Burke
Shelia Gaines
George P. Cain

HEATHER ESTI SLEMMER
NOTARY PUBLIC
State of Delaware
My Commission expires on Jul. 14, 2005

Heather E Slemmer
2/14/05

Westlaw.

803 A.2d 428 (Table)
803 A.2d 428 (Table), 2002 WL 1484507 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 803 A.2d 428, 2002 WL 1484507 (Del.Supr.))

Page 1

SHU LAW LIBRARY

C
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Anthony L. GAINES, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
No. 38,2002.

Submitted June 3, 2002.
Decided July 9, 2002.

Court Below--Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 0002014423.

Before HOLLAND, BERGER, and STEELE, Justices.

ORDER

**1 This 9th day of July 2002, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Anthony L. Gaines, appeals his sentence for violation of probation (VOP). Gaines previously had pled guilty and been sentenced in January 2001 for a second degree burglary conviction. The Superior Court had sentenced him to five years at Level V incarceration, suspended after serving six months for four and a half years at decreasing levels of supervision. In December 2001, the Superior Court found Gaines in violation of probation due to illegal drug use and sentenced him to four years and three months at Level V incarceration, suspended after serving two years years for one year and nine months at decreasing levels of supervision. This appeal followed.

(2) Gaines's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Gaines's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Gaines's attorney informed him of the provisions of Rule 26(c) and provided Gaines with a copy of the motion to withdraw and the accompanying brief. Gaines also was informed of his right to supplement his attorney's presentation. Gaines responded with several points for this Court's consideration. The State has responded to Gaines's points, as well as the position taken by Gaines's counsel, and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. [FN1]

> FN1. *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4) In his letter to counsel, Gaines responded with several points for the Court's consideration. First, Gaines contends that the Department of Correction failed to properly credit him with twelve days he previously served at Gander Hill. According to Gaines, if this time had been properly credited to him, he would have completed the Level IV portion of his sentence and, therefore, could not have been found in violation of that portion of his sentence. Second, Gaines challenges the curfew violations alleged in the probation officer's violation report. Third, Gaines appears to contend that the Superior Court's VOP sentence was excessive. In support of this contention, Gaines seems to contend that his drug use while on probation was due to the Department of Correction's failure to provide him with needed drug treatment. We find no merit to any of these contentions.

(5) There is no factual basis in this record for Gaines's assertion that he was not credited with all time served at Level V. Moreover, even assuming Gaines had not been properly credited with the twelve disputed days, that fact would not have changed the outcome of the VOP proceedings. It is undisputed that the suspended portion of Gaines's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

803 A.2d 428 (Table)
803 A.2d 428 (Table), 2002 WL 1484507 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 803 A.2d 428, 2002 WL 1484507 (Del.Supr.))**

Page 2

January 2001 sentence consisted of four and a half years at decreasing levels of supervision. Whether Gaines was serving the suspended portion of his sentence at Level IV or Level III at the time of his illegal drug use is irrelevant for purposes of the VOP proceeding. With or without the disputed twelve days of credit time, Gaines was properly under the Department of Correction's supervision at the time he used illegal drugs and, thus, was properly subject to having his previously suspended sentence reimposed.

**\*\*2** (6) Moreover, Gaines's complaints about curfew violations are moot in light of Gaines's admitted illegal drug use. Gaines's positive urinalysis for cocaine use and his admission to using illegal drugs was a sufficient factual basis for the Superior Court to conclude that Gaines had violated the terms of his probation.

(7) Finally, we find no error in the Superior Court's sentence. When a defendant is found guilty of violating his or her probation, the trial judge is authorized to reimpose any previously suspended prison term, i.e., Level V incarceration. [FN2] Gaines's original sentence was five years at Level V incarceration suspended after serving six months for four and a half years at decreasing levels of supervision. Following the VOP hearing, the Superior Court sentenced Gaines to four years and three months at Level V incarceration suspended after serving two years for decreasing levels of supervision. The Superior Court's VOP sentence clearly was within legal limits.

>   FN2. *Gamble v. State*, 728 A.2d 1171, 1172 (Del.1999); DEL. CODE ANN. tit. 11, § 4334(c).

(8) This Court has reviewed the record carefully and has concluded that Gaines's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Gaines's counsel has made a conscientious effort to examine the record and the law and has properly determined that Gaines could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

803 A.2d 428 (Table), 2002 WL 1484507 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

728 A.2d 1171, Gamble v. State, (Del.Supr. 1999)                                                                                    Page 1

**\*1171** 728 A.2d 1171

Supreme Court of Delaware.

Wayne T. GAMBLE, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 407, 1998.
Submitted: April 20, 1999.
Decided: May 12, 1999.

Defendant was found guilty in the Superior Court, New Castle County, of probation violation, and was sentenced. Defendant appealed. The Supreme Court, Holland, J., held that defendant was entitled to Level V incarceration credit for Level V time he actually served.

Reversed and remanded.

West Headnotes

[1] Sentencing and Punishment ⌾2034
350H ----
  350HIX Probation and Related Dispositions
    350HIX(I) Revocation
      350HIX(I)4 Disposition of Offender
        350Hk2034 Enforcement of Previously Imposed Sentence.

(Formerly 110k982.9(7))
When defendant is found guilty of violating probation, trial judge is authorized to reimpose any previously suspended prison term. 11 Del.C. § 4334(c).

[2] Sentencing and Punishment ⌾2034
350H ----
  350HIX Probation and Related Dispositions
    350HIX(I) Revocation
      350HIX(I)4 Disposition of Offender
        350Hk2034 Enforcement of Previously Imposed Sentence.

(Formerly 110k982.9(7))
After finding defendant guilty of violating probation, superior court was authorized to require defendant to serve entire balance of his original six-year sentence at Level V incarceration. 11 Del.C. § 4334(c).

[3] Sentencing and Punishment ⌾2041
350H ----
  350HIX Probation and Related Dispositions
    350HIX(I) Revocation
      350HIX(I)4 Disposition of Offender
        350Hk2041 Credits and Computation Thereof.

(Formerly 110k982.9(7))
Defendant who was found guilty of probation violation was entitled to Level V incarceration credit for Level V time he actually served while waiting for available space at Level IV work release. 11 Del.C. § 4334(c).

Court Below--Superior Court of the State of Delaware, in and for New Castle County; Cr.A. No. VN95-11-0982.

Upon appeal from the Superior Court. REVERSED.

Wayne T. Gamble, Wilmington, Delaware, defendant pro se.

William E. Molchen, Department of Justice, Wilmington, Delaware, for appellee.

HOLLAND, Justice:

This is an appeal by the defendant-appellant, Wayne Gamble ("Gamble"), after he was found guilty and sentenced for a probation violation. Gamble contends that he was not properly credited with time he had already served at Level V incarceration, when he was sentenced to serve additional time at Level V after violating his probation. The record supports Gamble's contention.

Original Sentence

In October 1995, Gamble was arrested and indicted on two counts of Burglary in the Second Degree and Conspiracy in the Second Degree. In March 1996, Gamble pled guilty to two counts of Burglary in the Second Degree and the State *nolle prossed* the remaining charges. In May 1996, Gamble received the following sentences: Count 1: three years at Level V, suspended after two years for one year at Level IV; Count 2: three years at Level V, suspended for three years at Level III, suspended after 6 months for two and one half years at Level II.

Gamble served two years at Level V. After the two years, Gamble was to enter a Level IV work release program but, because space was not available, Gamble remained in Level V incarceration for an additional five months and 11 days. Gamble had been in a Level IV work release program for one month when he violated his probation.

Copyright (c) West Group 2003 No claim to original U.S. Govt. works

728 A.2d 1171, Gamble v. State, (Del.Supr. 1999)  Page 2

### Probation Violation Sentence

In May 1998, the Superior Court sentenced Gamble for the violation of his probation as follows: one year at Level V; completion of the New Hope drug treatment program; and the remainder of the original sentence to be served at Level III. Gamble filed a *pro se* motion for a reduction or correction of his sentence, pursuant to Superior Court Criminal Rule 35(a). Gamble also filed a *pro se* motion requesting credit against the new one year Level V sentence for the five months and eleven days he served at Level V while waiting for space to *1172. open at Level IV. The Superior Court denied Gamble's motions. (FN1)

### Parties' Contentions

In this appeal, Gamble does not challenge the sentences imposed in 1996. Rather, Gamble contends that he was not given proper credit for the five months and 11 days that he served at Level V incarceration while waiting for available space at Level IV work release. The State argues that the five months and 11 days Gamble served at Level V incarceration were properly credited toward the time Gamble was supposed to serve at Level IV work release. The State submits that this means Gamble will receive proper credit for the five months and eleven days he served at Level V by deducting it from the remainder of his Level III sentence *after* he serves the one year Level V sentence for violating his probation.

### Level V Service Requires Level V Credit

[1] When a defendant is found guilty of violating his or her probation, the trial judge is authorized to reimpose any previously suspended prison term, i.e., Level V incarceration. *Ingram v. State*, Del.Supr., 567 A.2d 868, 869 (1989). 11 *Del.C.* § 4334(c) states in part:

> If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

[2] Gamble's original sentence was a maximum of six years at Level V incarceration, suspended after two years for decreasing levels of supervision. Accordingly, after finding Gamble guilty of violating his probation, the Superior Court was authorized to require Gamble to serve the entire balance of his original six-year sentence at Level V incarceration. The Superior Court, however, in its discretion reimposed only a one year term at Level V, followed by supervision at Level III for the balance of the entire original term.

This Court has held that a defendant is not entitled to Level V incarceration credit for time served at Level IV work release. (FN2) When a defendant actually serves time at Level V incarceration, however, he or she is entitled to Level V credit. Consequently, this Court has consistently held that a defendant must be given Level V credit for all prior time actually served at Level V incarceration when further incarceration at Level V is imposed after a probation violation. (FN3)

[3] Gamble should have been given Level V credit for the five months and eleven days he served at Level V incarceration while waiting for available space at Level IV work release. Gamble's additional sentence of one year Level V incarceration for the probation violation has been or will be completed soon. In the event that Gamble receives a Level V incarceration sentence because of any probation violation in the future, Gamble should be given Level V credit for the five months and eleven days he has already served at Level V.

### Conclusion

The judgment of the Superior Court that denied Gamble Level V credit for the Level V time he actually served is reversed. This matter is remanded for further proceedings in accordance with this opinion.

(FN1.) The Superior Court modified his sentence, however, by ordering Gamble to participate in the Key Program instead of the New Hope Program.

(FN2.) *Johnson v. State*, Del.Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997) (ORDER).

(FN3.) *Collick v. State*, Del.Supr., No. 212, 1998, 1998 WL 700170, Holland, J. (Aug. 10, 1998) slip op. at 3 ("Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a three year Level V prison term, giving credit for all time previously spent at Level V ...") (emphasis added). *See also Warren v. State*, Del.Supr., No. 99, 1998, 1998 WL 382640, Veasey, C.J. (June 12, 1998) (ORDER); *Johnson v. State*, Del.Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997) (ORDER).

Copyright (c) West Group 2003 No claim to original U.S. Govt. works

## Offender Status Sheet

Date: 04/04/2005

REDACTED

| SBI #: | 00181314 | Name: | ANTHONY L GAINES | | | |
|---|---|---|---|---|---|---|
| Location(s): | DCC | Level(s): 5 | Race: BLACK | DOB: 01/30/ | | |
| AKA: | ANTHONY L GAINES | | | | | |
| Offender Type: | Sentenced | | Officer(s): | | | |

### Level: 5

Start Date: 06/22/2004   MED: 06/21/2006   STRD: 04/22/2006   ADJ: 04/22/2006   PED:   Statutory Days Earned: 60.00

| CASE#/ Court | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | Status/ Eff. Date | Length Y M D | Start Dt | MED | STRD | Adj Date | CR Wk |
|---|---|---|---|---|---|---|---|---|---|
| 0002014423 U7 | VN0003051202 Jerome O Herlihy | VIOL O/PROBATN STANDARD 07/09/2004 12/06/2001 | Current | 2 0 0 | 06/22/2004 | 06/21/2006 | 04/22/2006 | 04/22/2006 | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| VN0003051202 | 5 | TASC | TASC Monitoring or Evaluation | 0512 (VOP- BURG) SENTENCED TO 2Y L5. MODIFICATION TO BE BASED ON TASC EVALUATION   KF<br><br>PER MODIFIED ORDER, DATED 1/19/05, INMATE IS TO UNDERGO MENTAL HEALTH EVALUATION AND TREATMENT AS DEEMED APPROPRIATE BY THE DOC PER TASC RECOMMENDATION DATED 12/7/04   KF |

```
                    SUPERIOR COURT CRIMINAL DOCKET                  Page    1
                         ( as of  08/24/2004 )

State of Delaware v.  ANTHONY L GAINES                        DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.     AKA: ANTHONY GAINES
Defense Atty: BRIAN J BARTLEY , Esq.             ANTHONY GAINES
                                                 TONY GAINES



Assigned Judge:

Charges:
Count       DUC#         Crim.Action#      Description       Dispo.    Dispo. Date
-------------------------------------------------------------------------------
 001      0002014423     IN00030512        BURGLARY 2ND      PG        01/10/2001
          0002014423     VN0003051201      VIOL O/PROBATN    VF        12/20/2001
          0002014423     VN0003051202      VIOL O/PROBATN    VF        07/09/2004
 002      0002014423     N00030669         PDWBPP            NOLP      01/10/2001
 003      0002014423     IN00030513        CCDW              NOLP      01/10/2001
 004      0002014423     IN00030514        TERROR THREAT     NOLP      01/10/2001
 005      0002014423     N00030670         OFF TOUCH         NOLP      01/10/2001
 006      0002014423     IN00030515        CRIM MISC <1000   NOLP      01/10/2001
 007      0002014423     IN00030579        OFF TOUCHING      NOLP      01/10/2001

        Event
No.     Date           Event                                 Judge
-------------------------------------------------------------------------------
 1    03/13/2000
        INDICTMENT, TRUE BILL FILED. NO 18
        CASE REVIEW AND ARRAIGNMENT ON 4/3/00 AT 9:00
 2    03/15/2000
        NOTICE OF SERVICE & ACKNOWLEDGEMENT OF RECEIPT OF DISCOVERY.
 3    03/15/2000
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 02/23/2000
        PRELIMINARY HEARING DATE:
        BAIL:
        RELEASED/OWN RECOG.                          0.00
        RELEASED ON SECURED BAIL                  5250.00 100
        SEE CONDITIONS.
 4    03/21/2000
        SUMMONS MAILED.
      03/23/2000                                           GEBELEIN RICHARD S.
        FAST TRACK CALENDAR:  NEW TRACK ASSIGNED.
        NEW TRACK: FINAL CASE REVIEW
        DATE: 050100
 5    05/01/2000                                           BARRON NORMAN A.
        BAIL MODIFIED.  BAIL NOW SET AT
        RELEASED/OWN RECOG. (0579)
        NO CONTACT WITH THE VICTIMS DIRECT OR INDIRECT.
        DRUG AND ALCOHOL EVALUTION.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    2
                         ( as of  08/24/2004 )

State of Delaware v.  ANTHONY L GAINES                         DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.     AKA: ANTHONY GAINES
Defense Atty:                                    TONY GAINES

        Event
No.     Date            Event                                  Judge
-----------------------------------------------------------------------------
        REPORT TO PROBATION OFFICER LAWS.
        05/01/2000                                     BARRON NORMAN A.
          FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
          REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
6       06/08/2000
          ORDER SCHEDULING TRIAL FILED.
          TRIAL DATE: 08/17/00
          CASE CATEGORY: CAT 2
          ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
          UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
          OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
          FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
          CONTINUANCE REQUESTS WILL BE DENIED.
7       07/31/2000
          SUBPOENA(S) MAILED.
8       08/04/2000
          STATE'S WITNESS SUBPOENA ISSUED.
          SENT TO:  RENEE THOMPSON
          RICHARD AMSEL
          MICHAIL TUMINARO
          SHEENA THOMPSON
          WILLIAM GRAVES
          ANNETTE HOWARD
          ANNETTE HOWARD
11      08/14/2000
          SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
12      08/14/2000
          SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
13      08/14/2000
          SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
9       08/17/2000                                     GOLDSTEIN CARL
          TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
          ATTORNEY UNAVAILABLE. DAG HAD A FAMILY EMERGENCY
14      08/25/2000
          ORDER SCHEDULING TRIAL FILED.
          TRIAL DATE: 01/09/01
          CASE CATEGORY: 2
          ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
          UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
          OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
          FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
          CONTINUANCE REQUESTS WILL BE DENIED.
```

```
                   SUPERIOR COURT CRIMINAL DOCKET              Page    3
                          ( as of  08/24/2004 )

State of Delaware v.  ANTHONY L GAINES                  DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.    AKA: ANTHONY GAINES
Defense Atty:                                   TONY GAINES

         Event
 No.     Date           Event                              Judge
------------------------------------------------------------------------
 15    12/26/2000
         SUBPOENA(S) MAILED.
 16    12/26/2000
         STATE'S WITNESS SUBPOENA ISSUED.
 23    01/10/2001                                       GEBELEIN RICHARD S.
         JURY TRIAL CALENDAR:  PLED GUILTY-SENTENCED
 27    01/10/2001                                       GEBELEIN RICHARD S.
         SENTENCE:ASOP SENTENCING ORDER SIGNED AND FILED 3/19/01.
 24    02/22/2001                                       GEBELEIN RICHARD S.
         RESTITUTION MEMORANDUM. NO RESTITUTION IS ORDERED TO BE PAID TO RENEE
         D. THOMPSON BECAUSE SHE FAILED TO RETURN THE VICTIM LOSS AND IMPACT
         STATEMENT.
         RESTITUTION IN THE AMOUNT OF $78.91 IS RECOMMENDED TO THE VIOLENT
         CRIMES COMPENSATION BOARD.
         SO ORDERED.
 25    02/23/2001
         DEFENDANT'S LETTER FILED. ADVISING COURT OF PORGRESS MADE DURING
         INCARCERATION.
 26    03/23/2001
         DEFENDANT'S LETTER FILED. ADVISING COURT OF PROGRESS MADE WHILE
         INCARCERATED.
 28    05/01/2001
         MOTION FOR MODIFICATION OF SENTENCE FILED
         BY BRIAN J. BARTLEY, ESQ.
         REFERRED TO JUDGE GEBELEIN 05/07/01
 29    07/09/2001                                       GEBELEIN RICHARD S.
         ORDER: MOTION TO MODIFY SENTENCE: MOTION IS DENIED.
 30    09/28/2001
         MOTION FOR MODIFICATION OF SENTENCE FILED.
         BY J. DALLAS WINSLOW, JR. REFERRED TO PRESENTENCE FOR JUDGE GEBELEIN
 31    12/07/2001                                       REYNOLDS MICHAEL P.
         ADMINISTRATIVE WARRANT FILED - LEVEL ( ).
         PROBATION OFFICER:
         BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS:
         BAIL SET:  HELD WITHOUT BAIL                         0.00
         NEXT SCHEDULED DATA 12/20/01 @ 9:00 WITH RSG
 32    12/18/2001                                       GEBELEIN RICHARD S.
         VIOLATION-OF-PROBATION REPORT FILED: VOP SCHEDULED 12/20/01.
         PROBATION OFFICER: VONETTA COLEMAN
         LEVEL: 4
 33    12/20/2001                                       GEBELEIN RICHARD S.
         ORDER: MTN FOR MODIFICATION OF SENTENCE. DENIED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                  Page    4
                         ( as of  08/24/2004 )

State of Delaware v.   ANTHONY L GAINES                      DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.    AKA: ANTHONY GAINES
Defense Atty:                                   TONY GAINES

         Event
No.      Date           Event                                    Judge
------------------------------------------------------------------------
         AND NOW, TO WIT, THIS 20TH DAY OF DECEMBER, 2001 THE FOREGOING MTN
         HAVING BEEN READ AND CONSIDERED, IT IS ORDERED: MTN DENIED. MR. GAINES
         COMPLAINS ABOUT HIS SUPERVISION HISTORY ON CHARGES UNRELATED TO THIS
         SENTENCE RELATING TO A NEW BURGLARY FOR WHICH HE WAS SENTENCED ON
         JANUARY, 10, 2001.                                                CM
         12/20/2001                                      GEBELEIN RICHARD S.
         VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN VIOLATION.
         SENTENCED.
34       12/20/2001                                      GEBELEIN RICHARD S.
         SENTENCE: OFF-LINE SENTENCING ORDER SIGNED AND FILED 12/26/01.
         SEE FILE FOR ACTUAL ORDER--ONLINE VERSION IS NOT VERBATIM.
36       01/14/2002                                      GEBELEIN RICHARD S.
         MOTION FOR MODIFICATION OF SENTENCE FILED.
         REFERRED TO JUDGE GEBELEIN ON 1-23-02
35       01/22/2002
         APPEAL FILED IN SUPREME COURT (COPY)
37       01/28/2002
         LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER.
         RE: A FORMAL NOTICE OF APPEAL WAS FILED ON JANUARY 18, 2002.
         THE TRANSCRIPT MUST BE FILED WITH THE
         PROTHONOTARY'S OFFICE NO LATER THAN FEBRUARY 26, 2002.
         38,2002.
38       02/27/2002
         TRANSCRIPT FILED.
         VIOLATION OF PROBATION HEARING. DECEMBER 20, 2001.
         BEFORE JUDGE GEBELEIN.
39       03/05/2002
         LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY.
         RE: A NOTICE OF APPEAL IN THE ABOVE CAPTIONED MATTER WAS
         FILED IN THIS COURT ON 3/5/02. THE RECORD MUST BE FILED
         WITH THIS OFFICE NO LATER THAN 03/11/2002.
         38,2002.
40       03/07/2002
         ORDER: THIS 7TH DAY OF MARCH, 2002, UPON CONSIDERATION OF DEFENDANT'S
         MOTION FOR REDUCTION/MODIFICATION OF SENTENCE, THE PRESENTENCE REPORT/
         PRIOR RECORD, AND THE SENTENCE IMPOSED UPON THE DEFENDANT;
         NOW, THEREFORE, IT IS ORDERED THAT THE DEFENDANT'S MOTION FOR
         REDUCTION/MODIFICATION OF SENTENCE IS DENIED FOR THE FOLLOWING
         REASON(S):
         THE SENTENCE WAS IMPOSED AFTER A VIOLATION-OF-PROBATION HEARING WAS
         HELD, AND THE COURT DETERMINED THE DEFENDANT HAD VIOLATED THE TERMS
         OF HIS PROBATION. THE DEFENDANT IS NOT AMENABLE TO PROBATION AT THIS
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                      Page    5
                          ( as of  08/24/2004 )

State of Delaware v.   ANTHONY L GAINES                         DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.     AKA: ANTHONY GAINES
Defense Atty:                                    TONY GAINES


       Event
No.    Date            Event                                   Judge
-----------------------------------------------------------------------------
       TIME.
       THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
       SENTENCING. NO ADDITIONAL INFORMATION HAS BEEN PROVIDED TO THE COURT
       WHICH WOULD WARRANT A REDUCTION OR MODIFICATION OF THIS SENTENCE.
       SENTENCE WAS REDUCED TO 4 YRS. AND 3 MOS. TO GIVE CREDIT FOR TIME
       SERVED.
       IT IS SO ORDERED.
41     03/07/2002
       RECORDS SENT TO SUPREME COURT.
42     03/08/2002
       RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
43     05/24/2002                                         GEBELEIN RICHARD S.
       MOTION FOR REDUCTION OF SENTENCE FILED.
       BY JAMES NUTTER, ESQ.
       REFERRED TO PRESENTENCE FOR JUDGE GEBELEIN 5/29/02
44     07/22/2002                                         GEBELEIN RICHARD S.
       ORDER:WHEREAS THIS 22ND DAY OF JULY, 2002, DEFENDANT'S MOTION FOR
       REDUCTION OF SENTENCE, AND ANY OPPOSITION THERETO, HAVING BEEN
       PRESENTED AND CONSIDERED, IT IS ORDERED THAT THE MOTION IS DENIED.
       SENTENCE WAS APPROPRIATE.
       SO ORDERED THE DAY AND YEAR AFORESAID.
45     08/07/2002
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 38, 2002
       SUBMITTED: JUNE 3, 2002
       DECIDED: JULY 9, 2002
       BEFORE HOLLAND, BERGER, AND STEELE, JUSTICES.
46     02/27/2003
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 2/27/03 FOR JUDGE GEBELEIN.
47     03/07/2003                                         GEBELEIN RICHARD S.
       ORDER: THIS 7TH DAY OF MARCH, 2003, UPON CONSIDERATION OF DEFENDANT'S
       MOTION FOR REDUCTION/MODIFICAION OF SENTENCE, THE PRESENTENCE REPORT/
       PRIOR RECORD, AND THE SENTENCE IMPOSED UPON THE DEFENDANT; NOW
       THEREFORE IT IS ORDERED THAT DEFENDANT'S MOTION FOR REDUCTION/MODIFI-
       CATION OF SENTENCE IS GRANTED FOR THE FOLLOWING REASON(S): LEVEL IV
       SENTENCE IS MODIFIED TO READ: 1 YEAR 9 MONTHS AT LEVEL IV, SUSPENDED
       FOR 6 MONTHS LEVEL IV WORK RELEASE.
48     04/09/2003
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 4/10/03 FOR JUDGE GEBELEIN.
49     06/04/2003                                         GEBELEIN RICHARD S.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                  Page    6
                         ( as of  08/24/2004 )

State of Delaware v.  ANTHONY L GAINES                       DOB: 01/30/
State's Atty: NATALIE S WOLOSHIN , Esq.       AKA: ANTHONY GAINES
Defense Atty:                                      TONY GAINES

        Event
No.     Date            Event                                     Judge
-------------------------------------------------------------------------------
        ORDER:IT IS ORDERED THAT DEFENDANT'S MOTION FOR REDUCTION/
        MODIFICATION OF SENTENCE IS DENIED FOR THE FOLLOWING REASON(S):
        DEFENDANT MUST WORK OUT PLACEMENT WITH DEPT OF CORRECTION.
50      06/17/2003
        MOTION FOR MODIFICATION OF SENTENCE FILED. PRO SE REFERRED TO PRE-SENT
        FOR JUDGE GEBELEIN ON 6/23/03
51      07/07/2003                                  GEBELEIN RICHARD S.
        EMAIL FILED TO: CATHERINE ROBBINS, SUPERVISOR GANDER HILL RECORDS
        RE: MODIFICATION DATED MARCH 7, 2003.
        THE ORDER OF MARCH 7, 2003 IS CORRECTED TO READ: LEVEL IV SENTENCE
        IS MODIFIED TO READ " 1 YEAR 9 MONTHS AT LEVEL IV, SUSPENDED FOR 6
        MONTHS LEVEL IV WORK RELEASE." IT IS SO ORDERED.
52      01/15/2004                                  GEBELEIN RICHARD S.
        MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
        REFERRED TO PRESENTENCE 1/21/04 FOR JUDGE GEBELEIN.
53      01/22/2004
        PROGRESS REPORT FROM PROBATION AND PAROLE FILED.
        INFORMATIONAL ONLY
54      04/29/2004                                  GEBELEIN RICHARD S.
        ORDER: MOTION FOR MODIFICATION OF SENTENCE DENIED.
        04/29/04-
        THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME
        OF SENTENCING.
55      06/24/2004                                  REYNOLDS MICHAEL P.
        ADMINISTRATIVE WARRANT FILED - LEVEL (3).
        PROBATION OFFICER: JEFFREY LEHNERT
        BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS:
        BAIL SET:  CASH BAIL                           5,000.00 100%
        VOP 7/9/04 AT 9:30 BEFORE J. GEBELEIN
        07/09/2004                                  HERLIHY JEROME O.
        VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN VIOLATION.
        SENTENCED.
57      07/09/2004                                  HERLIHY JEROME O.
        SENTENCE: VOP ASOP ORDER SIGNED AND FILED 7/29/04.
56      07/13/2004                                  SLIGHTS JOSEPH R. III
        VIOLATION-OF-PROBATION REPORT FILED: COURT SCHEDULED FOR 7/9/2004.
        PROBATION OFFICER: JEFFREY LEHNERT
        LEVEL: 3
58      08/10/2004
        MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
        REFERRED TO PRESENTENCE 8/10/04 FOR JUDGE HERLIHY.

                *** END OF DOCKET LISTING AS OF  08/24/2004 ***
                        PRINTED BY: CSCKBAT
```

```
                      SUPERIOR COURT CRIMINAL DOCKET                    Page      7
                            ( as of  02/08/2005 )

State of Delaware v.  ANTHONY L GAINES                            DOB: 01/30,
State's Atty: NATALIE S WOLOSHIN , Esq.     AKA: ANTHONY GAINES
Defense Atty:                                    TONY GAINES

       Event
No.    Date           Event                                     Judge
------------------------------------------------------------------------------
       DEFENDANT'S LETTER FILED CONCERNING STATUS OF HABEAS CORPUS AND COPY
       OF SENTENCING ORDER, ETC. SENT COPY OF DOCKET, SENTENCING ORDER, AND
       OTHER FORM REQUESTED EXPLAINING NO HABEAS CORPUS PETITION RECEIVED BY
       THIS COURT AT THIS TIME.
60     09/16/2004
       LETTER FROM: ANTHONY GAINES     TO: PUBLIC DEFENDERS OFFICE
       RE: MODIFICATION OF VOP SENTENCE ON 6/22/04
61     01/18/2005                                         HERLIHY JEROME O.
       ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
       TASC RECOMMEND NO CHARGE IN LEVEL 5 SENTENCE BUT DOES RECOMMEND A
       MENTAL HEALTH EVALUATION WHILE THERE.
62     01/19/2005                                         HERLIHY JEROME O.
       MODIFIED ASOP VOP SENTENCE ORDER SIGNED AND FILED 1/20/05.

              *** END OF DOCKET LISTING AS OF  02/08/2005 ***
                     PRINTED BY: CSCVELL
```

# HOGAR CREA INTERNATIONAL, INC. OF DELAWARE

1126 Brandywine Street
Wilmington, Delaware 19802
Phone Number (302) 654-1158
Fax Number (302) 777-5074

September 7, 2004

Superior Court State of Delaware
New Castle County
110 King Street
Wilmington, DE. 19802

RE: Anthony L. Gaines
DOB: 01/30/
SBI # 00181314

Honorable Judge Jerome O Herlihy:

The purpose of this correspondence is to inform your office, that family members of the aboved mentioned have visited our facility to communicate that Mr. Gaines has asked if Hogar CREA Int'l, Inc. of Delaware would accept him into their treatment program. As you may already know, Hogar CREA is a non-profit, long-term residential drug and alcohol treatment program dedicated to help all those individuals afflicted with an addiction to substances, who demonstrate a genuine desire to stop using. If the Honorable Judge deems the possibility that Mr. Gaines be stipulated to the intense, structured and very disciplined Hogar CREA program to serve his sentence, while receiving treatment for the disease which may be the root of his negative pattern of behavior.

Hogar CREA has been the answer for many young men and women who thought that they would never have a second chance at a drug-free life. We humbly ask that you consider releasing Mr. Gaines, with the condition that he complete the program and allow us the opportunity to once again make a difference in the life of a Delaware resident and believe me, that in order to make it through CREA you must be ready to go to any length. CREA is still work oriented, very disciplined and confrontational with a focus on behavioral changes.

Thank you very much for your attention to this matter and we pray that you find it in your heart to honor our humble request.

Respectfully;

*[signature]*

Alex Vega/Treatment Supervisor

# HOGAR CREA INTERNATIONAL, INC. OF DELAWARE

---

1126 East Brandywine Street
Wilmington, Delaware 19802
Phone # (302) 654-1158
Fax # (302) 777-5074

November 5, 2004

Delaware Correctional Center
c/o Warden
1181 Paddock Road
Smyrna, Delaware 19977

RE: Anthony L. Gaines
    SBI # 181314    DOB- 01/30/

Dear Warden:

The purpose of this correspondence is to humbly inquire about an inmate by the name of Anthony L. Gaines, SBI # 181314, for the sole reason of evaluating the potential of he being a candidate for admission into our treatment program. Mr. Gaines' family have made numerous visits to our facility, of which they are neighbors, with a desperate concern for their sibling's well being, per identification of his need for treatment.

As far as what has been explained to us, Mr. Gaines is completing what's left of a modified 2 year sentence in which he was apparently violated for substance use. I have already been instructed to go to the Prothonotary's Office to get more information on his cases, behaviors and/or disciplinary actions which may assist in determining whether or not Mr. Gaines is appropriate for our program.

Hogar CREA would like to further inform, that it will make efforts to contact Mr. John G. Selvaggi, Senior U. S. Probation Officer to seek his support in making this request to have Mr. Gaines enter our program possible, especially since our program is here for the purpose of making a difference in our community, thus extending our services to those afflicted therein.

Please feel free to share any information which might be helpful in making our determination. Thank you very much for your attention to this matter.

Very truly yours;

*Alex Vega*
Alex Vega
Treatment Supervisor

cc: Gaines Family Members
    Anthony L. Gaines
    John G. Selvaggi

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

    VS.

ANTHONY L GAINES

Alias: TONY GAINES

DOB: 01/30/
SBI: 00181314

| CASE NUMBER: | CRIMINAL ACTION NUMBER: |
|---|---|
| 0002014423 | VN00-03-0512-02 |
| | VIOL O/PROBATN |
| | ORIG. CHARGE: |
| | BURGLARY 2ND(F) |

COMMITMENT

## VIOLATION OF PROBATION SENTENCE ORDER

NOW THIS 9TH DAY OF JULY, 2004, IT IS THE ORDER OF THE COURT THAT: The defendant is found in violation. Defendant is sentenced as follows:

AS TO VN00-03-0512-02 : TIS 11 Del.C.08250001FD
VIOL O/PROBATN - FOUND IN VIOLATION

Effective June 22, 2004 the defendant is sentenced as follows:

- The defendant is placed in the custody of the Department of Correction for 2 year(s) at supervision level 5

**APPROVED ORDER**   1   August 24, 2004 12:08

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
    VS.
ANTHONY L GAINES
DOB: 01/30/
SBI: 00181314

                             CASE NUMBER:
                                0002014423

The defendant shall pay any monetary assessments ordered during the period of probation pursuant to a schedule of payments which the probation officer will establish.

All previous terms and conditions are reimposed.

### NOTES

TASC evaluation; sentence to be modified upon that recommendation.

No further credit time due.

                                                _____
                                                JUDGE JEROME O HERLIHY

**APPROVED ORDER**      2      August 24, 2004 12:08