IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANTHONY L. GAINES**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-555-JJF |
| | : | |
| **THOMAS CARROLL**, Warden, | : | |
| and **M. JANE BRADY**, | : | |
| Attorney General of the | : | |
| State of Delaware | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, Anthony L. Gaines, has applied for federal habeas relief challenging a finding by the Delaware Superior Court that he had violated the conditions of his probation. (D.I. 1). Gaines had previously pled guilty and been sentenced in January 2001 for second degree burglary. *Gaines v. State*, No. 38, 2002, 2002 WL 1484507 (Del. July 9, 2002). The Superior Court had sentenced Gaines initially to five years in prison, suspended after six months for decreasing levels of probation. In December 2001, the Superior Court found Gaines in violation of the terms of probation because of illegal drug use and sentenced him to four years and three months in prison, suspended after two years for decreasing levels of probation. The state supreme court affirmed the Superior Court's determination. *Id.*

Since the decision in that appeal, Gaines has submitted various filings with the Superior Court, but he has not appealed any of the Superior Court's ensuing orders. On July 9, 2004, after a hearing, the Superior Court again found that Gaines had violated the terms of his probation. (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 55).[1] A review of the Superior Court docket reveals that Gaines did not appeal the Superior Court's violation finding. On August 10, 2004, Gaines filed a motion for modification of sentence which the Superior Court denied by order dated December 13, 2004. (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 61). The record reveals that Gaines did not appeal the Superior Court's order. On April 1, 2005, Gaines filed a petition for a state writ of habeas corpus which the Superior Court denied by order dated April 7, 2005. (Super. Ct. Crim Dkt. in ID No. 0002014423--Items 63-64). The record reveals that Gaines did not file a appeal of the Superior Court's order. Gaines apparently attempted to file a document described as a motion for state post-conviction relief, but that filing was initially rejected as non-compliant because the motion did not contain Gaines's original signature. (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 65). On May 25, 2005, Gaines then filed a motion which he captioned as a "Motion for Postconviction Relief." The Superior Court, however, deemed the filing to be a motion for modification of sentence. (Super. Ct. Crim Dkt. in ID No. 0002014423--Items 66, 68). By order dated June 2, 2005, the Superior Court denied the motion, expressly indicating that the court considered Gaines filing to be a motion for modification of sentence under Criminal Rule 35. (Super. Ct. Crim Dkt. in ID No.

---

[1] The Superior Court subsequently filed a modified violation of probation sentence order dated January 19, 2005. (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 62).

0002014423--Item 69). Gaines filed another petition for a state writ of habeas corpus on June 17, 2005, which the Superior Court denied by order dated July 25, 2005. (Super. Ct. Crim Dkt. in ID No. 0002014423--Items 70-71). The record reveals that Gaines did not file an appeal of any of the Superior Court's orders. *See generally* Super. Ct. Crim Dkt. in ID No. 0002014423.

On August 1, 2005, Gaines filed in this Court a petition for federal habeas relief raising four claims: 1) the sentencing court violated court rules and the Sixth, Eighth and Fourteenth Amendments because Gaines did not receive notice of a change of judge; 2) the sentencing court violated state sentencing guidelines in violation of the Fifth and Fourteenth Amendments; 3) the sentence Gaines received upon the violation of probation finding amounted to a violation of the Double Jeopardy Clause; and 4) due process was violated because Gaines did not receive proper credit for time served. (D.I. 1). For the following reasons, Gaines has failed to provide a basis for federal habeas relief

Gaines's petition should be dismissed because he has defaulted state remedies. A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994). In order to satisfy the exhaustion doctrine, a petitioner "must demonstrate that the claim was presented to the state's highest court, either on direct appeal or in a post-conviction proceeding." *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 500 (D. Del. 2003) (citing *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)); *see also Picard*, 404 U.S. at 275; *Toulson v.*

*Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993)

Here, the claims presented in Gaines's motion for modification of sentence filed in the Superior Court on May 25, 2005 appear to correspond with the claims that he has raised in the petition. *Compare* D.I. 1, *with* Super. Ct. Crim Dkt. in ID No. 0002014423--Items 66, 69. The Superior Court denied the claims on alternative grounds under Criminal Rule 35, the court finding, *inter alia*, that the motion was untimely and repetitive. (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 69). The record reveals that Gaines did not thereafter appeal the Superior Court's denial of his motion for modification of sentence. Accordingly, by failing to present the claims to the state supreme court on appeal, Gaines has failed to exhaust state remedies.[2]

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see* 28 U.S.C. § 2254(b)(2). If, however, there is no available state remedy, Gaines is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *McLaughlin*, 270 F. Supp. 2d at 500. Gaines is precluded at this juncture from appealing the denial of his motion for modification of sentence because Delaware Supreme Court Rule 6(a)(iii) and DEL. CODE ANN. tit. 10, § 147 required that the

---

[2]In *Crews v. Horn* 360 F.3d 146, 149-150 (3d Cir. 2004), the court held that the district courts have discretion to stay a federal habeas petition pending exhaustion of state remedies to avoid barring from federal court a petitioner who timely files a mixed petition. Because none of Gaines's claims were exhausted, the petition here is not a mixed petition, and the rule of *Crews* does not apply. *See*, *e.g.*, *Gonzalez v. Bianco*, Civ. Act. No. 03-108-SLR, 2004 WL 1368843 at *3 (D. Del. June 10, 2004).

notice of appeal be filed within 30 days after entry of the order. *See Correa v. Carroll*, Civ. Act. No. 03-897-JJF, 2004 WL 1822123 at *4 (D. Del. Aug. 13, 2004). Further, because the Superior Court denied Gaines's motion for modification of sentence, *inter alia*, because it was untimely and repetitive, Gaines would be precluded from filing another Rule 35 motion.[3] *Id.*

Thus, because there is no available state remedy, Gaines is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997); *cf.* 28 U.S.C. § 2254(b)(2). However, because Gaines procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 500-01; *Correa*, *supra*, 2004 WL 1822123 at *5; *Dawson*, 988 F. Supp. at 804-05. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *McLaughlin*, 270 F. Supp. 2d at 501; *Dawson*, 988 F. Supp. at 805.

---

[3]Any effort by Gaines to advance the claims in the Superior Court by way of a state post-conviction motion under Criminal Rule 61 would similarly be foreclosed. This is so because Gaines does not challenge in his four claims the underlying conviction. *See* SUPER. CT. CRIM. R. 61(a)(1) (detailing scope of Rule 61).

Here, Gaines has offered no explanation for the procedural default, i.e., failing to appeal the denial of his May 2005 motion. *See Correa*, 2004 WL 1822123 at *5. Certainly Gaines's "numerous filings in state and federal court indicate that he was capable of preparing and submitting documents in the state courts." *Id.* Because Gaines has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal from the denial of the May 25, 2005 motion for modification of sentence, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Correa*, 2004 WL 1822123 at *5; *McLaughlin*, 270 F. Supp. 2d at 501; *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05. Thus, consideration of Gaines's claims is precluded because he procedurally defaulted the claims in the state courts.

The "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496, *cited in Carter*, 910 F. Supp. at 151. To establish a miscarriage of justice, Gaines bears the burden to establish that it is more likely than not that no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (holding a miscarriage of justice "in a colloquial sense is the case where the State has convicted the wrong person of the crime"). Here, Gaines has not alleged any facts that would tend to establish he is actually innocent of the crime for which he was convicted, or that the Court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. *See Lawrie*, 9 F. Supp. 2d at 455; *Dawson*, 988 F. Supp. at 807-08; *Carter*, 910 F. Supp. at 151.

Conclusion

Based upon the Superior Court docket sheet, it appears that a transcript of the December 20, 2001 violation of probation hearing has been prepared (Super. Ct. Crim Dkt. in ID No. 0002014423--Item 38). The other Superior Court hearings conducted in Gaines's case were recorded but have not been transcribed. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278

Date: November 23, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on November 23, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on November 23, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

    Anthony L. Gaines (No. 00181314)
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977.

    _____
    /s/Thomas E. Brown
    Deputy Attorney General
    Del. Dept. of Justice

    Counsel for Respondent

Date: November 23, 2005