803 A.2d 428  Page 1
803 A.2d 428, 2002 WL 1484507 (Del.Supr.)
**(Cite as: 803 A.2d 428)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Anthony L. GAINES, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 38,2002.**

Submitted June 3, 2002.
Decided July 9, 2002.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 0002014423.

Before HOLLAND, BERGER, and STEELE, Justices.

ORDER

**\*1** This 9th day of July 2002, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Anthony L. Gaines, appeals his sentence for violation of probation (VOP). Gaines previously had pled guilty and been sentenced in January 2001 for a second degree burglary conviction. The Superior Court had sentenced him to five years at Level V incarceration, suspended after serving six months for four and a half years at decreasing levels of supervision. In December 2001, the Superior Court found Gaines in violation of probation due to illegal drug use and sentenced him to four years and three months at Level V incarceration, suspended after serving two years years for one year and nine months at decreasing levels of supervision. This appeal followed.

(2) Gaines's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Gaines's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Gaines's attorney informed him of the provisions of Rule 26(c) and provided Gaines with a copy of the motion to withdraw and the accompanying brief. Gaines also was informed of his right to supplement his attorney's presentation. Gaines responded with several points for this Court's consideration. The State has responded to Gaines's points, as well as the position taken by Gaines's counsel, and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. [FN1]

> FN1. *Penson v. Ohio,* 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442 (1988); *Anders v. California,* 386 U.S. 738, 744 (1967).

(4) In his letter to counsel, Gaines responded with several points for the Court's consideration. First, Gaines contends that the Department of Correction failed to properly credit him with twelve days he previously served at Gander Hill. According to Gaines, if this time had been properly credited to him, he would have completed the Level IV portion of his sentence and, therefore, could not have been found in violation of that portion of his sentence. Second, Gaines challenges the curfew violations alleged in the probation officer's violation report. Third, Gaines appears to contend that the Superior Court's VOP sentence was excessive. In support of this contention, Gaines seems to contend that his drug use while on probation was due to the Department of Correction's failure to provide him with needed drug treatment. We

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

803 A.2d 428 Page 2
803 A.2d 428, 2002 WL 1484507 (Del.Supr.)
**(Cite as: 803 A.2d 428)**

find no merit to any of these contentions.

(5) There is no factual basis in this record for Gaines's assertion that he was not credited with all time served at Level V. Moreover, even assuming Gaines had not been properly credited with the twelve disputed days, that fact would not have changed the outcome of the VOP proceedings. It is undisputed that the suspended portion of Gaines's January 2001 sentence consisted of four and a half years at decreasing levels of supervision. Whether Gaines was serving the suspended portion of his sentence at Level IV or Level III at the time of his illegal drug use is irrelevant for purposes of the VOP proceeding. With or without the disputed twelve days of credit time, Gaines was properly under the Department of Correction's supervision at the time he used illegal drugs and, thus, was properly subject to having his previously suspended sentence reimposed.

**\*2** (6) Moreover, Gaines's complaints about curfew violations are moot in light of Gaines's admitted illegal drug use. Gaines's positive urinalysis for cocaine use and his admission to using illegal drugs was a sufficient factual basis for the Superior Court to conclude that Gaines had violated the terms of his probation.

(7) Finally, we find no error in the Superior Court's sentence. When a defendant is found guilty of violating his or her probation, the trial judge is authorized to reimpose any previously suspended prison term, i.e., Level V incarceration. [FN2] Gaines's original sentence was five years at Level V incarceration suspended after serving six months for four and a half years at decreasing levels of supervision. Following the VOP hearing, the Superior Court sentenced Gaines to four years and three months at Level V incarceration suspended after serving two years for decreasing levels of supervision. The Superior Court's VOP sentence clearly was within legal limits.

> FN2. *Gamble v. State,* 728 A.2d 1171, 1172 (Del.1999); DEL. CODE ANN. tit. 11, § 4334(c).

(8) This Court has reviewed the record carefully and has concluded that Gaines's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Gaines's counsel has made a conscientious effort to examine the record and the law and has properly determined that Gaines could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

Del.Supr.,2002.
Gaines v. State
803 A.2d 428, 2002 WL 1484507 (Del.Supr.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.