Not Reported in F.Supp.2d  
2004 WL 1822123 (D.Del.)  
**(Cite as: 2004 WL 1822123 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Guango F. CORREA, Petitioner,  
v.  
Thomas L. CARROLL, Warden, Respondent.  
**No. Civ. 03-897-JJF.**

Aug. 13, 2004.  
Guango F. Correa, Petitioner, pro se.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

I. INTRODUCTION

**\*1** Petitioner Guango F. Correa is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254. (D.I.1.) For the reasons that follow, the Court will deny his Application.

II. PROCEDURAL BACKGROUND

In November 2002, Petitioner pled guilty in the Delaware Superior Court to one count of second degree assault. The State entered a *nolle prosequi* as to the other charges of first degree robbery and second degree conspiracy. Petitioner was sentenced to five years in prison with credit for 152 days served, to be suspended after two years for probation. Petitioner was represented by counsel at the plea and sentencing hearings. He did not appeal his conviction or sentence.

On April 21, 2003, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 Motion"). Petitioner's Rule 61 Motion asserted two claims: (1) the judge rendered the wrong judgment because there were no witnesses and the victim lied; and (2) he had nothing to do with the offense. A Superior Court Commissioner filed a Report and Recommendation finding that Petitioner's Rule 61 motion was procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3). *State v. Correa,* 2003 WL 22753630, at \*1-2 (Del.Super.Ct. Nov. 21, 2003). Before the Superior Court issued a ruling on this Report and Recommendation, Petitioner filed a *pro se* notice of appeal from the Report in the Delaware Supreme Court. The Delaware Supreme Court issued an Order for Petitioner to show cause why the appeal should not be dismissed for lack of jurisdiction for being interlocutory. Although Petitioner filed a response, he did not address the jurisdictional issue. The Delaware Supreme Court dismissed the appeal as interlocutory. *Correa v. State,* 832 A.2d 1250(Del.2003).

Thereafter, on November 21, 2003, the Superior Court adopted the Commissioner's Report and Recommendation, and denied Petitioner's Rule 61 Motion. *Correa,* 2003 WL 2275363, at \*1. Petitioner did not appeal this decision. *See generally* Del.Super. Ct. Dkt. in ID No. 0205013182.

Between July 26, 2002 and December 1, 2003, Petitioner filed nine petitions for a writ of habeas corpus in the Delaware Superior Court, all of which were denied. *See generally* Del.Super. Ct. Dkt. in ID No. 0205013182, Items 12-13, 38, 49-50, 67, 70, 77-78, 84, 91-92, 97-98. Petitioner appealed the Superior Court's December 2, 2003 denial of his application for a writ of habeas corpus. *See generally* Del.Super. Ct. Dkt. in ID No. 0205013182. The Delaware Supreme Court affirmed the Superior Court's decision that habeas corpus relief was not available. *Correa v. State,* 846 A.2d 237 (Del.2004).

In September 2003, Petitioner filed an Application For

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2
2004 WL 1822123 (D.Del.)
**(Cite as: 2004 WL 1822123 (D.Del.))**

A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254, asserting: (1) the State incorrectly charged Petitioner and released another person who should have been charged, and that Petitioner did not know what he signed when he pled guilty; and (2) Petitioner told the truth, but the victim lied, thus, the charges should have been dismissed. (D.I.1.)

**\*2** Respondent asks the Court to dismiss Petitioner's habeas petition as procedurally barred due to his procedural default in state court. (D.I.20.)

Petitioner filed two responses to Respondent's Answer, asserting that: (1) he presented his claims to the Delaware Supreme Court in his appeal of the Commissioner's Report and Recommendation; (2) the initial police report was false; and (3) his sentence has not been properly credited. (D.I. 25; D.I. 30; D.I. 31.)

Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is ready for review.

III. GOVERNING LEGAL PRINCIPLES

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

B. Exhaustion and Procedural Default

Under AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000).

**\*3** To satisfy the fair presentation requirement, the petitioner must have asserted a legal theory and facts to the state courts that are substantially equivalent to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). Fair presentation also requires

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 1822123 (D.Del.)
**(Cite as: 2004 WL 1822123 (D.Del.))**

Page 3

that the claim be raised in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). However, provided that the petitioner did, in fact, fairly present the federal claim to the state's highest court, the exhaustion requirement is satisfied even if the state court did not actually consider or discuss the federal issue. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules prevent him from seeking further relief in state courts. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 749 (1991); *Lines,* 208 F.3d at 160. A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

IV. DISCUSSION

Although difficult to understand, Petitioner's two Replies to Respondent's Answer appear to re-assert the claims already raised in his original habeas petition and raise a new claim that the State of Delaware did not properly credit him the 152 days as stated in his sentencing Order. [FN1] (D.I. 25; D.I. 31.) He appears to allege that he should be credited as of his May 21, 2002 arrest date, not his November 18, 2002 sentencing date. *Id.* The Court will consider Petitioner's Replies in its review of Petitioner's claims.

> FN1. Sentence recalculations involve the execution of a sentence rather than the imposition of a sentence. *United States v. Kennedy,* 851 F.2d 689, 690 (3d Cir.1988). A state prisoner challenging the execution of his state sentence must assert his claim pursuant to 28 U.S.C. § 2254. *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001). Here, Petitioner is not asserting that the sentence itself is illegal, but rather, that the Delaware Department of Corrections has not properly credited him for time served as provided in his sentencing order. Specifically, he states that he was incarcerated on May 21, 2002, which should be the start date of his period of incarceration, but the "state computer has November 18, 2002" as the start date. (D.I.31.)

Pursuant to AEDPA, the Court cannot reach the merits of Petitioner's federal habeas claims unless he exhausted state remedies. With respect to Petitioner's original two habeas claims, Respondent correctly asserts that he failed to exhaust state remedies. First, Petitioner did not file a direct appeal from his conviction and sentence. Second, although Petitioner presented these claims to the Delaware Supreme Court when he appealed the Superior Court Commissioner's Report and Recommendation denying his Rule 61 Motion, this appeal did not exhaust state remedies. In Delaware, a Superior Court Commissioner's Report and Recommendation is not a final appealable Order, and in Petitioner's case the Delaware Supreme Court dismissed the interlocutory appeal for lack of jurisdiction. Petitioner's procedurally incorrect presentation of these claims to the Delaware Supreme Court prevented the Delaware Supreme Court from reviewing the merits of the claims. Thus, this interlocutory appeal did not exhaust state remedies. *See Johnson v. Snyder,* 2001 WL 34367295, at *2 (D.Del. Feb. 7, 2001); *Abdul-Akbar v. Redman,* Civ. Act. No. 90-78-JLL, Rept. & Rec., at 5 (D. Del. June 27, 1991); *Castille v. Peoples,* 489 U.S. 346, 349 (1989)(petitioner's claim to state supreme court in procedural context in which the merits will not be considered does not satisfy the exhaustion requirements).

**\*4** Further, despite Petitioner's numerous applications for the state writ of habeas corpus, and the Superior Court's corresponding denials of the writ, it appears

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 1822123 (D.Del.)  
**(Cite as: 2004 WL 1822123 (D.Del.))**

Page 4

that Petitioner only appealed one of the Superior Court's decisions denying the writ: *Correa v. State,* NO. 559, 2003 (Del.Super.Ct. Nov. 13, 2003). In this appeal, the Delaware Supreme Court found that Petitioner had improperly raised the claims in an application for a writ of habeas corpus, and affirmed the Superior's Court's denial of the writ. [FN2] *Correa v. State,* 846 A.2d 237 (Del.2004). Thus, because Petitioner used the wrong procedural vehicle to present these claims, this appeal did not exhaust state remedies. *See, e.g., Nickerson v. Snyder,* 2002 WL 237869, at *2 (Feb. 1, 2002); *Castille,* 489 U.S. at 351.

> FN2. In Delaware, a writ of habeas corpus is not available to "[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment ." *Hall v. Carr,* 692 A.2d 888, 891 (Del.1997)(quoting 10 Del. C. Ann. § 6902(1)).

Petitioner also failed to exhaust state remedies for his sentence crediting claim. First, he did not raise his sentence crediting claim on direct appeal or in his Rule 61 motion. Moreover, even though the state court docket shows that Petitioner filed several Motions for Modification of Sentence, it is not clear that these Motions raised the alleged sentence crediting miscalculation claim before this Court. Even if these state Motions for Sentence Modification did raise same sentence crediting claim as here, Petitioner did not appeal the Superior Court's denials of these Motions. As such, he never presented this claim to the Delaware Supreme Court, thereby failing to exhaust state remedies. *O'Sullivan,* 526 U.S. at 844-45.

Petitioner's failure to exhaust state remedies is excused, however, because state procedural rules would prevent him from pursuing further state court relief. *See Teague v. Lane,* 489 U.S. 288, 298 (1989); *Coleman,* 501 U.S. at 750; *Lines,* 208 F .3d at 160. With respect to his original habeas claims, Petitioner cannot file an appeal of the Superior Court's November 21, 2003 denial of his Rule 61 motion because the time for filing an appeal has expired. *See* Del. Sup.Ct. R. 6(a) (a notice of appeal must be filed within 30 days after entry of a Superior Court order); *Kendall v. Attorney General Of Delaware,* 2002 WL 531221, at *4. Further, to the extent Petitioner raised these claims in a prior Superior Court proceeding, Superior Court Criminal Rule 61(i)(4) would bar any new proceeding as formerly adjudicated. *See, e.g ., Desmond v. State,* No. 692,2002, Order (Del. Mar. 20, 2003); *Kendall,* 2002 WL 531221, at *4.

With respect to Petitioner's sentence crediting claim, his failure to raise this claim in his prior Rule 61 motion would prevent him from raising it in a new Rule 61 motion. Del.Super. Ct.Crim. R. 61(i)(2). Second, any attempt by Petitioner to file an appeal of any of the Superior Court's prior denials of his Rule 35 motions would be time-barred. *See* Del. Sup.Ct.Crim. R. 6(a)(iii) (a notice of appeal must be filed within 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief). Finally, Petitioner cannot now file another Rule 35 motion because more than 90 days have passed since his sentencing, a new Rule 35 motion would be repetitive, and there are no extraordinary circumstances justifying relief from the 90 day time bar. [FN3] *See* Del.Super. Ct.Crim. R. 35(a), (b); *State v. Laboy,* 2003 WL 21517974, at *5 (Del.Super.Ct. July 1, 2003).

> FN3. Petitioner's claim is, in effect, that his sentence is being imposed in an illegal manner. As such, under Rule 35(a) and (b), he had to file a Rule 35 motion "within 90 days of the imposition of sentencing." Del.Super. Ct. R. 35(b).

**\*5** Although Petitioner's failure to exhaust is excused, his claims are still procedurally defaulted. As a result, the Court cannot review the merits of Petitioner's federal habeas claims unless he demonstrates cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court does not review his claims.

Here, Petitioner does not allege, and the Court cannot discern, any reason for Petitioner's failure to appeal the Superior Court's final Order dismissing his Rule 61 Motion. Similarly, he has failed to demonstrate that any

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 5
2004 WL 1822123 (D.Del.)
**(Cite as: 2004 WL 1822123 (D.Del.))**

external factor prevented him from appealing the denials of his many Rule 35 motions. Petitioner's numerous filings in state and federal court indicate that he was capable of preparing and submitting documents in the state courts. *Cf. Wright v. Snyder,* Civ. Act. No. 99-532-JJF, Mem. Op., at 4 (D.Del. Jan. 20, 2002) (*pro se* status and lack of legal training are not external factors constituting cause for a procedural default) (citing cases). Because Petitioner has not established cause, the Court does not need to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

   Moreover, Petitioner has not demonstrated that a miscarriage of justice will occur if the Court does not consider the merits of his federal habeas claims. Presumably in an attempt to assert his actual innocence, Petitioner alleges that the wrong person was convicted. However, only credible allegations of actual innocence constituting "new reliable evidence ... not presented at trial" would permit a court to excuse a procedural default and reach the merits of a habeas petition. *Hubbard v. Pinchak,* 2004 WL 1746301, at *5 (3d Cir. August 5, 2004) (citing *Calderon v. Thompson,* 523 U.S. 538, 559 (1998)). Petitioner's conclusory and unsupported allegations of actual innocence are insufficient to satisfy this standard. [FN4] Thus, Petitioner has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. *Murray,* 477 U.S. at 496 (to establish a miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002) (a petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt); *Bousley v. United States,* 523 U.S. 614, 623 (1998) (actual innocence means factual innocence, not legal insufficiency). In short, federal habeas review of Petitioner's claims is unavailable.

>       FN4. Petitioner alleges a "Mr. David E. Jones" is the person who should have been convicted and incarcerated. (D.I. 1; D.I. 25.) Interestingly, the Superior Court docket sheet indicates that Petitioner has several aliases, one of which is "David E. Jones." *See generally* D.I. 24, Del.Super. Ct. Dkt. in ID No. 0205013182.

V. MOTION FOR AN EXTENSION OF TIME

 Petitioner has also filed a "Motion to Extend Time to File Answer Brief to Defendant's Motion." (D.I.30.) The Court interprets this Motion to be a Motion for an Extension of Time to File a Reply to Respondent's Answer. Petitioner did file a Reply to Respondent's Answer, and the Court considered the Reply in its review of Petitioner's § 2254 petition. (D.I.31.) Thus, this Motion is now moot. (D.I.30.)

VI. CERTIFICATE OF APPEALABILITY

 **\*6** Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

 For the reasons stated above, the Court concludes Petitioner's procedural default of his claims in state court precludes federal habeas review. Reasonable jurists would not find this conclusion unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will be denied.

VII. CONCLUSION

 For the foregoing reasons, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 will be dismissed.

 An appropriate Order will be entered.

 2004 WL 1822123 (D.Del.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 6
2004 WL 1822123 (D.Del.)
**(Cite as: 2004 WL 1822123 (D.Del.))**

**Motions, Pleadings and Filings (Back to top)**

• <u>1:03CV00897</u> (Docket)

(Sep. 23, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.