Not Reported in F.Supp.2d                                                                                                                 Page 1
Not Reported in F.Supp.2d, 2004 WL 1368843 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Diego GONZALEZ, Petitioner,
v.
Vince BIANCO, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A.03-108-SLR.**

June 10, 2004.

Diego Gonzalez, petitioner. pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

### I. INTRODUCTION

**\*1** Petitioner Diego Gonzalez is a Delaware inmate in custody at the Morris Community Correctional Center in Dover, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1.) For the reasons that follow, the court will dismiss his application without prejudice for failing to exhaust state remedies.

### II. BACKGROUND

On April 24, 2000, petitioner pled guilty in the Delaware Superior Court to first degree robbery. Petitioner was represented by counsel at the time. In exchange, respondents entered a *nolle prosequi* on the remaining charges of second degree assault and possession of a hypodermic needle without authority. Petitioner did not appeal his conviction or sentence.

A violation of probation hearing ("VOP") was held on February 26, 2002, and petitioner was found in violation of his probation terms. (D.I. 12, Del.Super. Ct. Dkt. dated 4/29/03, at Item # 25) He was sentenced to the work referral program; he did not appeal this sentence. (*id.* at item # 27)

Another VOP hearing was held on April 16, 2002. Once again, the court concluded that petitioner had violated the terms of his probation.[FN1] (*Id.,* Item # s 28, 31) According to petitioner, he was sentenced to 60 days for the VOP, which was to be followed by 2 years of Level 3 probation. (D.I. 1 at ¶ B) On September 17, 2002, the court modified this sentence to Level 4 Crest and, upon completion of that program, to Level 3 probation. (*See* D.I. 12, Del.Super. Ct. Dkt. dated 4/29/03, at Item # 39)

> FN1. The original sentence for this VOP is not noted by respondents or in the Superior Court Docket.

Petitioner did not appeal the April 2002 VOP finding or the modified sentence. Rather, he filed three post-conviction motions with the Delaware Superior Court: (1) a *pro se* motion for correction of an illegal sentence, filed on October 1, 2002, with no decision indicated on the Superior Court docket (*id.* at item # 36); (2) a petition for the writ of habeas corpus, filed on October 24, 2002 and denied on October 31, 2002 (*id.* at item # s 36, 38); and (3) a motion for modification of sentence, filed on December 2, 2002 and denied on January 30, 2003 (*id.* at item # s 37, 39). Petitioner did not appeal any of these decisions.

Petitioner filed his form habeas application with this court on January 22, 2003. (D.I.1) He asserts three claims: (1) he was denied counsel at the September 17, 2002 VOP hearing; (2) he already served his sentence for the robbery conviction, because on April 16, 2002 he was re-sentenced to only 60 days in prison, to be followed by 2 years probation; and (3) trial counsel provided ineffective assistance by failing to object to the admission of drug courier profile evidence at trial.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2004 WL 1368843 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(D.I. 1 at 9.)

Respondents contend that federal habeas review of petitioner's habeas application is procedurally barred due to petitioner's procedural default of state remedies. (D.I. 10 at 2-5.)

Petitioner's federal habeas application is now ready for review.

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

**\*2** Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas application. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

#### B. Exhaustion and Procedural Default

Under AEDPA, a federal court may consider a habeas application filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas application unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000).

To satisfy the fair presentation requirement, the petitioner must have asserted a legal theory and facts to the state courts that are substantially equivalent to those contained in the federal habeas application. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). Fair presentation also requires that the claim be raised in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). However, provided that the petitioner did, in fact, fairly present the federal claim to the state's highest court, the exhaustion requirement is satisfied even if the state court did not actually consider or discuss the federal issue. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2004 WL 1368843 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*3** A petitioner's failure to exhaust state remedies will be excused if state procedural rules prevent him from seeking further relief in state courts. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 749 (1991); *Lines,* 208 F.3d at 160. A federal habeas court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

### IV. DISCUSSION

Respondents contend that petitioner has failed to exhaust state remedies because he did not file a direct appeal from the April 2002 VOP decision/September 2002 re-sentencing, and because he did not file any appeals regarding the denial of his three state post-conviction motions. (D.I. 10 at 3) Respondents further contend that state procedural rules bar petitioner from exhausting these claims, thereby excusing his failure to exhaust but resulting in his procedural default of state remedies. Finally, respondents illustrate that the court cannot excuse petitioner's procedural default because he cannot satisfy the cause-and-prejudice exception to the exhaustion/procedural default doctrines. *Id.*

A review of the Superior Court docket reveals that one of petitioner's post-conviction motions, the October 2002 motion to correct an illegal sentence, is still pending in the Delaware Superior Court. *See generally* D.I. 14, Super. Ct.Crim. Dkt. dated 4/29/03. Petitioner's habeas application also notes that the Superior Court has never ruled on this motion. (D.I. 1 at 4) Because further appellate review is still available for this motion, the court cannot conclusively state that petitioner does not have an available state remedy. *See Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000). Indeed, it is even possible, depending on the issues contained in his pending state motion, that the state court might grant his requested relief, thereby rendering as moot the relief requested in his federal habeas application. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.1983) (federal habeas petition is premature when an appeal is still pending). Thus, the court will dismiss without prejudice petitioner's habeas application for failure to exhaust state remedies. *See, e.g., Ross v. Carroll,* 2002 WL 31230810, at \*2 (D.Del. Sept. 23, 2002) (state court remedies are not exhausted until petitioner's pending state court appeal is decided).

Before concluding, the court notes that the Third Circuit's recent opinion, *Crews v. Horn,* 360 F.3d 146 (3d Cir.2004), does not require a different outcome. In *Crews,* the Third Circuit held "that district courts have the discretion to stay mixed habeas corpus petitions but that ... when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* 154. Here, if petitioner's pending state post-conviction motion asserted all three claims contained in his habeas application, then none of his habeas claims have been exhausted. *See Coverdale,* 2000 WL 1897290, at \*2. As such, he has not presented the court with a mixed petition, [FN2] and *Crews* does not apply.

> FN2. A mixed petition contains exhausted and unexhausted claims.

**\*4** Further, even if the petition is mixed, it does not appear that a dismissal will "jeopardize the timeliness" of a subsequent habeas application. *See Crews,* 360 F.3d at 154. The VOP resentencing occurred on September 17, 2002, and petitioner did not appeal this decision. Petitioner's VOP judgment thus became final thirty days later, on October 17, 2002. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999) (when a state prisoner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired"). Petitioner filed his pending unexhausted motion to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 4
Not Reported in F.Supp.2d, 2004 WL 1368843 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

correct an illegal sentence on October 1, 2002, 16 days before AEDPA's limitations period began to run. Assuming that petitioner's motion for correction of an illegal sentence was properly filed under Delaware procedural rules, it appears that the entire one-year limitations period would be tolled. *See* 28 U.S.C. § 2244(d)(2); *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998); *Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002). As such, a stay is not necessary to preserve petitioner's ability to raise his claims in a federal forum. [FN3] Nevertheless, upon exhaustion of state remedies, petitioner must file any subsequent habeas application within the the period of limitations described in 28 U.S .C. § 2244(d)(1).

> FN3. In deciding against staying this habeas proceeding, the court acknowledges that federal courts can dispense with the exhaustion requirement because of inordinate delay on the part of the state. *See Story v. Kindt,* 26 F.3d 402, 405-06 (3d Cir.) (delay of nine years to decide a PCRA petition). However, "[t]here is no single, comprehensive test for inordinate delay." *Hankins v. Fulcomer,* 941 F.2d 246, 250 (3d Cir.1991). The "shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement" was a thirty-three month delay in *Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986). *Cristin v. Brennan,* 281 F.3d 404, 411 (3d Cir.2002). Here, petitioner's state post-conviction motion has been pending for twenty months (October 1, 2002 through June 2004). At this point in time, while the delay is frustrating, it is not yet "inordinate," and does not excuse the exhaustion requirement.

V. CERTIFICATE OF APPEALABILITY

Finally, this court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the court has concluded that petitioner's habeas application must be dismissed for failure to exhaust state remedies. The court is persuaded that reasonable jurists would not find this conclusion unreasonable. Accordingly, petitioner has failed to make a substantial showing of the denial of a constitutional right, and the court declines to issue a certificate of appealability.

VI. CONCLUSION

For the foregoing reasons, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 will be dismissed without prejudice for failure to exhaust state remedies.

An appropriate order will be entered.

D.Del.,2004.
Gonzalez v. Bianco
Not Reported in F.Supp.2d, 2004 WL 1368843 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00108 (Docket) (Jan. 22, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.