# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ANTHONY L. GAINES
    Petitioner

Civ. Act. No. 05-555-JJF

THOMAS CARROLL, Warden
and M. JANE BRADY,
Attorney General of the
State of Delaware
    Respondents

RECEIVED DEC 5 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## Plaintiff Response To The Answer Defendants Motion To Dismiss

Comes Now, The Defendant Anthony L. Gaines Pro-Se, Response to the Defendant's Answer Motion to Dismiss, In Support Asserts The Following:

The petitioner, Anthony L. Gaines, has applied for Federal habeas relief challenging a finding by the Delaware Superior Court that he had violated the conditions of his probation.

1.) Gaines has previously pled guilty and been sentence in January 2001 for second degree burglary. Gaines V. State, No. 23 Petitioner was sentence by Superior Court Judge: Gebelein, To Five years suspended for six months. level 5.; Six months level 4. Home Confinement.

18 months level 3., Two years, Six months level 2. (Super. Ct. Crim DKt in ID No. 0002014423--Item 23).

2.) 12-06-2001 Petitioner Violated Condition of Probation

3.) 12-20-2001 Super. Ct. Judge: Gebelein sentence petitioner to 2yrs. level 5.; 1yr., 9mths level IV. (Super. Ct. Crim DKt in ID No. 0002014423--Items 34). Sentence: Off-Line Sentence order siged and filed 12-26-01. See file for actual order--online version is not verbatim.

4.) 12-20-2001 Super. Ct. Judge: Gebelein credited petitioner 9mths time served. (Super. Ct. Crim. DKt in ID No. 0002014423--Item 40).

5.) 01-14-2002 Petitioner Motion For Modification of Sentence filed. Referred to Judge: Gebelein on 1-23-02 (Super. Ct. Crim. DKt in ID No. 0002014423--Item 36).

6.) 01-22-2002 Petitioner Appeal filed in Supereme Court (Super. Ct. Crim. DKt in ID No. 0002014423--Item 35).

7.) 01-17-2001 Petitioner enroll in Key North Program.

8.) 02-27-2003 Petitioner Motion For Modification of Sentence filed Pro Se, Referred to Presentence 2-27-03 For Judge: Gebelein.

(Super. Ct. Crim. Dkt in I D No. 0002014423--Item 46).

9.) 03-07-2003 Petitioner's Motion for Reduction/Modification of Sentence is Granted For the following reason(s): Level IV Sentence is Modified to Read: 1 year 9 months at Level IV, Suspended for 6 month level IV Work Release. (Super. Ct. Crim. Dkt in I D No. 0002014423--Item 47), (51).

10.) 03-01-2004 Petitioner (Max Out) Completed level IV Sentence on level 5.
(De. Dept of Corr. Offender Status Sheet).

11.) 06-22-2004 Petitioner Violated level 3. Probation. Administrative Warrant Filed. (06-24-2004). (Super. Ct. Crim. Dkt in ID No. 0002014423--Item 55).

12.) 07-09-2004 Petitioner Sentenced Violation of Probation Hearing. Super. Ct. Crim. ☐ Judge: Herlihy  A review of the Super. Ct. Dkt reveals that Judge: Gebelein was Petitioner's Sentencing Judge and not Judge: Herlihy. Changing from Judge: Gebelein to Judge: Herlihy without notification, Violates Rule: 82 Del. laws. And 5th, 8th Amendment of U.S. Constitution. Due Process Clause. 14th Amendment of U.S. Constitution. Equal Treatment, Equal Protection under the law. Petitioner has a right to prior notification of change of assign Judge especially since Judge: Gebelein was familiar with all of the facts of petitioner's case while Judge: Herlihy was not. (Super. Ct. Crim. Dkt in ID No.

0002014423 -- Item 55).

13.) Super. Ct. Judge: Herlihy sentence petitioner to 2 yrs level 5. Judge change sentence to be given credit for 6mths petitioner served on level 5. Waitin for bed space at level 4. Judge change sentence to be modified upon recommendation of TASC Monitoring or Evaluation. See: Super. Ct. Transcripts, 07-9-2004, See: De. Dept of Corr. Offender Status Sheet. Del Laws. TIS Sentencing Guidelines state Offender is the know his sentence at time of Sentencing. Petitioner was not notified untell 04-04-05 by post mail.

14.) Super. Ct. Judge: Herlihy errored upon sentencing petitioner for violation of probation, he should have been given level V credit for the time he served at level V incarceration while waiting for available space at level IV work release. Gamble v. State, 728 A.2d 1171 (Del. 1999).

15.) TIS Guideline state Offender Violate Condition of Probation is to be moved up one level. Brown v. State, 249 A.2d 269 (Del. 1968). Where there is no competent evidence upon which to base the exercise of sound judicial discretion, the revocation of probation and the imposition of prison sentence constitutes an abuse of discretion.

16.) Super. Ct. Judge: Herlihy Abuse his discretion when sentencing petitioner to 2 yrs level 5. On 9-9-04 De ST TI 11 § 4334 Page 2. This section does not grant Authority to enlarge a period of probation once imposed. Tiller V. State, 257 A. 2d 385 (Del. 1969).

17.) The Superior Court lacks the power to extend a probation period, since probation is a statutory creature and its implementation must be in accordance with the powers found within the statue. Tiller V. State, 257 A. 2d 385 (Del. 1969).

18.) De ST TI 11 § 4204 Page 5. The trial court could impose drug treatment as a condition of a violation of probation under Subdivision (c)(8) of this section; the department of Corrections could determine treatment needs and completion under 11 Del. C. §§ 6504 and 6531. Melody V. State, 825 A. 2d 239 (Del. 2003).

19.) De ST TI 11 § 4204 Page 5 A sentencing court has broad discretion in determing what information to rely on from a presentence report and related sources Thus, in reviewing a sentence within statutory limits, the Supreme Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrab false information or information lacking a minimal indicium of reliability. Mayes V. State, 604 A. 2d 839 (Del. 1992)

20.) Court Appointed Assistance of Counsel was ineffective by not ordering presentence investigation which would had prove petitioner didn't have 2 yrs. left on sentence. Enhanced his sentence which amounted to Double Jeopardy. Petitioner forced to serve time he has already served. In which violates Del laws and or Del. Constitution under Due Process, as well as the petitioner's U.S.C.A. Rights; Therefor deeming the petitioner's sentence illegal.

21.) 08-10-2004 Petitioner Motion for Modification of Sentence filed Pro Se. Referred 8-10-04 for Judge Herlihy (Motion for Time Previously Served) (Super. Ct. Crim. Dkt in ID No. 0002014423--Item 58.)

22.) 08-10-2004 Petitioner Filed Habea Corpus to Surpor Illegal Sentence. Petitioner filed letter to Super. Ct. concerning status of Habeas Corpus. Ct. Explaning no habeas corpus petition recieved by Ct. Petitioner filed petition on 08-05-2005 at S.C.I. Georgetown, De. Law library Paralegal Mrs. Palmer, Mailed both Habeas Corpus, and Motion for Time Previously Served in same package, Inmate-Petitioner not aloud to mail legal documents only Mrs. Palmer.

23) Petitioner filed letter to Public Defender's Office Assistance with Modification of VOP Sentence on 6-22-04

24.) SEE: Super.Ct. Crim DKt in ID No.0002014423 Item 60

25.) 01-18-2005 TASC Recommed No Charge In Level 5 Sentence. Petitioner worked with Counselor At S.C.I. Georgetown, TASC Supervior Jackie Marsh, Dover, Smynra Office., For Wilm, TASC Officer to come evaluation petitioner for over 6mths. Mr. Martin TASC Officer At 108 S. Harrison St. Wilm, DE. Which was also my Disciplinary Counselor at Key North Program. I participate in Not over 1yr. I was told by Gander Hill Medical Dept. I may have high blood pressure. Counselor Martin Ordered Disciplinary Sanction. Which is a Conflict of Interes And Violation of Due Process, Also with Equal Protection Under the law.

26.) Super.Ct. Don't answer Motion Filed 08-10-2004 untell 01-18-2005 Which Violation of petitioner's Due Process. (Super.Ct.Crim. DKt in ID No.0002014442 -- Item 61.)

27.) D.O.C. De. Dept of Corr. placed petitioner in Administrative Segregation on 9-22-2004, Petitione. was not proven to have violated S.C.I. rules. Petitioner was alleged in a Altercation, Both C. Williams And petitioner stated they was not fighting. Petitione. was denied Counselor, Witness, Adjustment Committee And Right to Appeal. Petitioner was Transfer to D.C.C. S.H.U. 9-24-2004 MAX Security without Due Proces.

28.) Petitioner is presently incarcerated in the Administrative Segregation (S.H.U.) Security Housing Unit, and has very limited access to legal material. I, must submit written request for specific materials. However, I can't effectively do because, I lac[k] access to the very legal material that would advis[e] me of exacty what legal material. I, need this oppresses me from properly petitioning to the courts.

29.) 04-01-2005 Petitioner Filed Writ of Habeas Corpus (Pro Se) Referred to Judge: Carpenter for Judge Gebelein, Rotation. (Super. Ct. Crim Dktin ID No. 00020 4423 Item 63.)

30.) 04-08-2005 Petitioner Filed Writ of Habeas Corpu[s] Is Denied So Ordered Judge Herlity (Super. Ct. Crim Dktin ID No. 00020 14423 Item 64).

31.) 05-17-2005 Notice of Non-Compliance to rule 61 (Motion for Postconviction Relief) Motion must conta[in] movant's original sentence. Petitioner mailed Ct. next day of recieving notice. Original Signature. Motion for Postconviction Relief Filed. Pro Se Referred to Judge Herlihy (Super. Ct. Crim. Dktin ID No. 00020 14423 Item 66).

32.) 08-01-2005 Petitioner Filed Writ of Habeas Corpus in U.S. District Court District of Delaware (Wilmingto[n]

33. Petitioner stated Respondents Answer to U.S. District Court. Petitioner filed timely Motion for Relief SEE: 08-10-2004 Super. Ct. Crim. Dkt. in ID No. 0002014423 Item 58).

34. Petitioner exhausted remedies available in the State Court. Super. Ct. Crim. Dkt. ID No. 0002014423 A review of will reveal the petitioner filed every relief Available.

## Conclusion

Based upon the Superior Court docket sheet, petitioner has proven, court didn't credit petitioner time served (Super. Ct. Crim. Dkt. in ID No. 0002014423 Item 34). Off line Sentence Order See Actual File. Also Super. Ct. transcript 7-9-04.

For the foregoing reasons, the petition for a Writ of habeas Corpus should be Granted.

Anthony L. Gaines
Anthony L. Gaines
181314/SHU·19·B·U11
DE. Correctional Center.
1181 Paddock Road.
Smyrna, Delaware.
19977

Date:

Exhibit #1 Deputy Attorney General Super Ct. Crim. Docket. Is out of Order. SEE: 66, 68, 67.

Exhibit #2. Petitioner's Super Ct. Crim. Docket is is order SEE: 66, 67, 68.

*Deputy Attorney General*

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                          ( as of  11/21/2005 )

State of Delaware v.  ANTHONY L GAINES                    DOB: 01/30/1962
State's Atty: RICHARD J ZEMBLE , Esq.      AKA: ANTHONY GAINES
Defense Atty:                                   TONY GAINES


        Event
No.     Date            Event                              Judge
-------------------------------------------------------------------------
        DEFENDANT'S LETTER FILED CONCERNING STATUS OF HABEAS CORPUS AND COPY
        OF SENTENCING ORDER, ETC. SENT COPY OF DOCKET, SENTENCING ORDER, AND
        OTHER FORM REQUESTED EXPLAINING NO HABEAS CORPUS PETITION RECEIVED BY
        THIS COURT AT THIS TIME.
60      09/16/2004
        LETTER FROM: ANTHONY GAINES    TO: PUBLIC DEFENDERS OFFICE
        RE: MODIFICATION OF VOP SENTENCE ON 6/22/04
61      01/18/2005                                     HERLIHY JEROME O.
        ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
        TASC RECOMMEND NO CHARGE IN LEVEL 5 SENTENCE BUT DOES RECOMMEND A
        MENTAL HEALTH EVALUATION WHILE THERE.
62      01/19/2005                                     HERLIHY JEROME O.
        MODIFIED ASOP VOP SENTENCE ORDER SIGNED AND FILED 1/20/05.
63      04/01/2005
        PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
        REFERRED TO JUDGE: CARPENTER FOR JUDGE GEBELEIN ROTATION
        DATE REFERRED: 4/1/05
        CIVIL CASE NO: 05M-04-003
64      04/08/2005                                     BARRON TIMOTHY H.
        ORDER: DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS IS DENIED.  IT
        IS SO ORDERED JUDGE HERLIHY
65      05/17/2005                                     HERLIHY JEROME O.
        NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
        SENT TO DEFENDANT.
        MOTION MUST CONTAIN MOVANT'S ORIGINAL SIGNATURE.
66      05/25/2005
        MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
        REFERRED TO JUDGE HERLIHY
68      05/25/2005
        MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
        (NOTE: DEFT. MOTION SAID MOTION FOR POSTCONVICTION RELIEF #66,BUT WAS
        A RULE 35 PRO-SE MOTION.
67      06/01/2005
        LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO STEVEN WOOD, DAG
        RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
        ATTACHED COPY OF MOTION.
        MOTION FILED ON VOP
69      06/06/2005                                     HERLIHY JEROME O.
        ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
        THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
        SENTENCE AND IS, THEREFORE, TIME-BARRED.
        PURSUANT TO SUPERIOR COURT CRIMINAL RULE 35(B), THE COURT WILL NOT
```

*Petitioner*

```
                     SUPERIOR COURT CRIMINAL DOCKET                  Page    7
                          ( as of  06/01/2005 )

State of Delaware v.   ANTHONY L GAINES                      DOB: 01/30/1962
State's Atty: RICHARD J ZEMBLE , Esq.       AKA: ANTHONY GAINES
Defense Atty:                                    TONY GAINES


       Event
No.    Date            Event                                  Judge
------------------------------------------------------------------------------
       DEFENDANT'S LETTER FILED CONCERNING STATUS OF HABEAS CORPUS AND COPY
       OF SENTENCING ORDER, ETC. SENT COPY OF DOCKET, SENTENCING ORDER, AND
       OTHER FORM REQUESTED EXPLAINING NO HABEAS CORPUS PETITION RECEIVED BY
       THIS COURT AT THIS TIME.
60     09/16/2004
       LETTER FROM: ANTHONY GAINES    TO: PUBLIC DEFENDERS OFFICE
       RE: MODIFICATION OF VOP SENTENCE ON 6/22/04
61     01/18/2005                                         HERLIHY JEROME O.
       ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
       TASC RECOMMEND NO CHARGE IN LEVEL 5 SENTENCE BUT DOES RECOMMEND A
       MENTAL HEALTH EVALUATION WHILE THERE.
62     01/19/2005                                         HERLIHY JEROME O.
       MODIFIED ASOP VOP SENTENCE ORDER SIGNED AND FILED 1/20/05.
63     04/01/2005
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE: CARPENTER FOR JUDGE GEBELEIN ROTATION
       DATE REFERRED: 4/1/05
       CIVIL CASE NO: 05M-04-003
64     04/08/2005                                         BARRON TIMOTHY H.
       ORDER: DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS IS DENIED.  IT
       IS SO ORDERED JUDGE HERLIHY
65     05/17/2005                                         HERLIHY JEROME O.
       NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
       SENT TO DEFENDANT.
       MOTION MUST CONTAIN MOVANT'S ORIGINAL SIGNATURE.
66     05/25/2005
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE HERLIHY
67     06/01/2005
       LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO STEVEN WOOD, DAG
       RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
       ATTACHED COPY OF MOTION.
       MOTION FILED ON VOP

              *** END OF DOCKET LISTING AS OF  06/01/2005 ***
                    PRINTED BY: CSCAHAI
```

## Certificate of Service

I, _Anthony L. Gaines_, hereby certify that I have served a true and correct cop(ies) of the attached: _Response Answer to DE. Deputy Attorney General_ upon the following parties/person (s):

TO: _Thomas E. Brown_
_Deputy Attorney General_
_State Office Building_
_820 N. French Street_
_Wilmington, DE. 19801_

TO: _U.S. District Court_
_Judge: Joseph J. Farnan_
_844 King Street._
_Wilmington, DE._
_19801_

TO: _Thomas Carroll Warden_
_DE. Correctional Center_
_1181 Paddock Road._
_Smyrna Delaware_
_19977_

TO: _Anthony L. Gaines_
_DE. Correctional Center_
_1181 Paddock Road_
_Smyrna, Delaware_
_19977_

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _1st_ day of _December_, 2005

IM Anthony L. Graves
SBI# 181314   UNIT SHU-19B111
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

United States District Court
844 King Street.
Wilmington, Delaware
19801