IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY L. GAINES, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 05-555-JJF |
| | : |
| THOMAS L. CARROLL, Warden, | : |
| | : |
| Respondent. | : |

---

Anthony L. Gaines.  <u>Pro se</u> Petitioner.

Thomas E. Brown, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondent.

---

**<u>MEMORANDUM OPINION</u>**

August ___, 2006
Wilmington, Delaware

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Anthony L. Gaines. (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

In January 2001, Petitioner pled guilty to second degree burglary. The Superior Court sentenced Petitioner to five years at Level V incarceration, suspended after serving six months for four and one-half years at decreasing levels of supervision. In December 2001, the Superior Court found Petitioner to be in violation of the terms of his probation due to illegal drug use. The Superior Court sentenced Petitioner to four years and three months at Level V incarceration, suspended after serving two years, for one year and nine months at decreasing levels of supervision. Petitioner appealed that sentence, arguing that: (1) the Department of Correction failed to credit him with twelve days previously served at Gander Hill; (2) the violation of probation report erroneously stated that he violated his curfew; and (3) the sentence imposed for his violation of probation was excessive. Gaines v. State, 803 A.2d 428 (Table), 2002 WL 1484507 (Del. July 9, 2002). The Delaware Supreme Court rejected Petitioner's arguments and affirmed the Superior Court's

1

judgment. Id.

After appealing the sentence imposed for his first violation of probation, Petitioner filed the following motions in the Delaware Superior Court: (1) Motion for Reduction of Sentence filed on May 24, 2002, and denied on July 22, 2002; (2) Motion for Modification of Sentence filed on February 27, 2003, and granted on March 7, 2003; (3) Motion for Modification of Sentence filed on April 9, 2003, and denied on June 4, 2003; (4) Motion for Modification of Sentence filed on June 17, 2003, and correction to March 7, 2003 entered on July 7, 2003; (5) Motion for Modification of Sentence filed on January 15, 2004, and denied on April 29, 2004. Petitioner did not appeal any of the Superior Court's orders.

On July 9, 2004, the Superior Court found that Petitioner had again violated the terms of his probation, and the court sentenced Petitioner to two years incarceration at Level V. Petitioner did not appeal that determination. Rather, on August 10, 2004, Petitioner filed a Motion for Modification of Sentence. After reviewing that Motion, the Superior Court issued a Modified Violation of Probation Sentence Order on January 19, 2005, which specifically stated that Petitioner was sentenced at Level V for two years, and also stated that Petitioner was to undergo a mental health evaluation and treatment as deemed appropriate by the Department of Correction. (D.I. 22, "Modified Violation of

Probation Sentence Order" in State v. Gaines, Crim. A. No.: VN00-03-0512-02; Order in State v. Gaines, ID:0002014423, dated January 19, 2005); see generally Del. Super. Ct. Crim. Dkt. for State v. Gaines in ID No. 0002014423.  Petitioner did not appeal the modified sentence.

    Thereafter, in April 2005, Petitioner filed a Petition for a Writ of Habeas Corpus in the Superior Court, arguing that: (1) the Superior Court violated Rule 82 and the Sixth and Eighth Amendments by assigning a new judge to preside over his second violation of probation proceeding without first notifying him; (2) ineffective assistance of counsel; (3) the modified violation of probation sentence violated Delaware's Truth in Sentencing Guidelines ("TIS") and violated procedural due process; (4) the modified sentence violated Petitioner's right against Double Jeopardy; (5) the failure to credit Petitioner's sentence with the two years served at Level V violated his right to Due Process and his right against Double Jeopardy; and (6) Petitioner should be placed in a treatment program, not incarcerated.  (D.I. 22, "Memorandum and Points of Authority" in Civ. A. No. 05M-04-003, Crim. ID: 0002014423)  The Superior Court denied the Petition, finding that Petitioner was legally detained and the relief requested could not be properly granted through a writ of habeas corpus.  (D.I. 22, April 7, 2005 Order in In the Mater of Anthony Gaines, Civ. A. No. 05M-04-003, Crim. ID: 0002014423)

3

In May 2005, Petitioner attempted to file a document titled a motion for state post-conviction relief, but the Superior Court rejected the document as non-compliant for failing to have Petitioner's original signature. On May 25, 2005, Petitioner filed a document titled "Motion for Postconviction Relief," raising the same grounds previously asserted in his Petition for a Writ of Habeas Corpus. The Superior Court construed the motion as a Motion for Modification of Sentence pursuant to Delaware Superior Court Criminal Rule 35, and denied it as time-barred. See Del. Super. Ct. Crim. Dkt. for State v. Gaines in ID No. 0002014423 at Items 66, 68, 69; (D.I. 22, Order in State v. Gaines, ID: 0002014423, dated June 2, 2005). Petitioner filed another Petition for a Writ of Habeas Corpus in the Superior Court on June 17, 2005, again raising the same six issues raised in his prior motions. The Superior Court denied the Petition on July 25, 2005, specifically stating that the relief requested is not properly granted through a writ of habeas corpus. See Del. Super. Ct. Crim. Dkt. for State v. Gaines in ID No. 0002014423 at Items 70-71; (D.I. 22, Order dated July 25, 2005 in In the Matter of Anthony L. Gaines, Civ. A. NO. 05M-06-071JOH, Crim. ID 0002014423). Petitioner did not appeal that decision.

On August 1, 2005, Petitioner filed the instant Petition. (D.I. 1.) Respondent filed an Answer, asserting that the Petition should be dismissed because all the claims are

procedurally barred. (D.I. 18.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal court cannot review the merits of procedurally

5

defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice.  Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency.

6

Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## III. DISCUSSION

Petitioner presents the following four habeas claims regarding his second violation of probation proceeding: (1) the sentencing court violated court rules and the Sixth, Eighth, and Fourteenth Amendments by failing to notify Petitioner about the fact that a different judge would be presiding over his second violation of probation proceeding; (2) the sentencing court violated state sentencing guidelines in violation of the Fifth and Fourteenth Amendments; (3) Petitioner's violation of probation sentence violated the Double Jeopardy Clause; and (4) Petitioner's Due Process rights have been violated because he did not receive proper credit for time served. (D.I. 1.)

The record reveals that Petitioner did not appeal the sentence and modified sentence rendered in his second violation of probation proceeding. Although Petitioner raised his habeas claims in a Motion to Modify or Reduce the Sentence imposed for

7

his second violation of probation, as well as two state Petitions for a Writ of Habeas Corpus, Petitioner did not appeal the Superior Court's orders denying those applications. Any attempt on Petitioner's part to either appeal the second violation of probation sentence (or modified sentence) or appeal the Superior Court's orders at this point in time would be denied as untimely. See Del. Supr. Ct. R. 6(a)(iii) and Del. Code Ann. tit. 10, § 147. Additionally, any new Rule 35 motion would be denied as untimely and repetitive. See Del. Super. Ct. Crim. R. 35(b). Consequently, Petitioner's claims are unexhausted but procedurally defaulted, and federal habeas review will be precluded absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner filed a Response to the State's Answer, but does not provide any reason for his failure to appeal the sentence imposed for his second violation of probation or the Superior Court's judgments denying his motions regarding that sentence. See (D.I. 21.) Moreover, given Petitioner's numerous filings in state court, the Court cannot perceive that any external impediment prevented him from filing a timely appeal in the Delaware Supreme Court. Therefore, Petitioner has failed to present cause for his procedural default.

In the absence of cause, the Court does not need to address the issue of prejudice. Further, the Court concludes that

8

Petitioner has made no colorable claim of actual innocence, and therefore, Petitioner cannot establish that a miscarriage of justice will occur if the Court does not review the merits of his claims. Accordingly, the Court will dismiss the Petition in its entirety because federal habeas review of Petitioner's claims is procedurally barred.

IV.  **MOTIONS**

Petitioner filed two Motions for Discovery while his Petition was pending before the Court. (D.I. 10; D.I. 13.) For the reasons discussed, the Court is dismissing the Petition. Therefore, the Court will deny the instant Motions for Discovery as moot.

V.  **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to

9

issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that it is procedurally barred from reviewing the merits of Petitioner's habeas claims. Reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.