Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-35

OFFICIAL BUSINESS

05cv555 JJF

FILED

AUG 2 2 2006

TRICT COURT
OF DELAWARE

Anthony L. Gaines
Anthony L. Gaines, Pro Se
112
Wil

☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
- UNABLE TO FORWARD

☐ OTHER

RETURN TO SENDER
RTS

neopost
US POSTAGE
$00.870
Mailed From 19801
08/18/2006
049.     J23030

```
MIME-Version:1.0
From:ded_nefreply@ded.uscourts.gov
To:ded_ecf@ded.uscourts.gov
Bcc:Bob_Horner@ded.uscourts.gov,Hector_Rivera@ded.uscourts.gov,Rosemary_Piergiovanni
Message-Id:<259483@ded.uscourts.gov>
Subject:Activity in Case 1:05-cv-00555-JJF Gaines v. Delaware Correctional Center et
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from dab, entered on 8/16/2006 at 3:22 PM EDT and filed on 8/15/2006

| | |
|---|---|
| **Case Name:** | Gaines v. Delaware Correctional Center et al |
| **Case Number:** | 1:05-cv-555 |
| **Filer:** | |
| **Document Number:** | 27 |

**Docket Text:**
MEMORANDUM OPINION re DI #1, DI #10 and DI# 13. Signed by Judge Joseph J. Farnan, Jr. on 8/15/06. (dab, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/16/2006] [FileNumber=259481-0]
[8edcba160319948acdf5e62610ba48e22ad74d95b23eb27fcc3757adf1a29c745d49
e7377d06b0a9819ccd0870fa9f32029f18583aa631a198024a3e67606f9c]]

**1:05-cv-555 Notice will be electronically mailed to:**

Thomas E. Brown     thomase.brown@state.de.us,

**1:05-cv-555 Notice will be delivered by other means to:**

Anthony L. Gaines
Anthony L. Gaines, Pro Se
1126 N. Heald Street
Wilmington, DE 19805

h     ecf e c c   c cg b          ecc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY L. GAINES, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 05-555-JJF |
| THOMAS L. CARROLL, Warden, | : | |
| Respondent. | : | |

---

Anthony L. Gaines. Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondent.

---

**MEMORANDUM OPINION**

August ___, 2006
Wilmington, Delaware

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Anthony L. Gaines. (D.I. 1.)  For the reasons
discussed, the Court will dismiss the Petition and deny the
relief requested.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2001, Petitioner pled guilty to second degree
burglary.  The Superior Court sentenced Petitioner to five years
at Level V incarceration, suspended after serving six months for
four and one-half years at decreasing levels of supervision.  In
December 2001, the Superior Court found Petitioner to be in
violation of the terms of his probation due to illegal drug use.
The Superior Court sentenced Petitioner to four years and three
months at Level V incarceration, suspended after serving two
years, for one year and nine months at decreasing levels of
supervision.  Petitioner appealed that sentence, arguing that:
(1) the Department of Correction failed to credit him with twelve
days previously served at Gander Hill; (2) the violation of
probation report erroneously stated that he violated his curfew;
and (3) the sentence imposed for his violation of probation was
excessive.  Gaines v. State, 803 A.2d 428 (Table), 2002 WL
1484507 (Del. July 9, 2002).  The Delaware Supreme Court rejected
Petitioner's arguments and affirmed the Superior Court's

1

judgment.  Id.

After appealing the sentence imposed for his first violation of probation, Petitioner filed the following motions in the Delaware Superior Court: (1) Motion for Reduction of Sentence filed on May 24, 2002, and denied on July 22, 2002; (2) Motion for Modification of Sentence filed on February 27, 2003, and granted on March 7, 2003; (3) Motion for Modification of Sentence filed on April 9, 2003, and denied on June 4, 2003; (4) Motion for Modification of Sentence filed on June 17, 2003, and correction to March 7, 2003 entered on July 7, 2003; (5) Motion for Modification of Sentence filed on January 15, 2004, and denied on April 29, 2004.  Petitioner did not appeal any of the Superior Court's orders.

On July 9, 2004, the Superior Court found that Petitioner had again violated the terms of his probation, and the court sentenced Petitioner to two years incarceration at Level V. Petitioner did not appeal that determination.  Rather, on August 10, 2004, Petitioner filed a Motion for Modification of Sentence. After reviewing that Motion, the Superior Court issued a Modified Violation of Probation Sentence Order on January 19, 2005, which specifically stated that Petitioner was sentenced at Level V for two years, and also stated that Petitioner was to undergo a mental health evaluation and treatment as deemed appropriate by the Department of Correction.  (D.I. 22, "Modified Violation of

2

Probation Sentence Order" in <u>State v. Gaines</u>, Crim. A. No.: VN00-03-0512-02; Order in <u>State v. Gaines</u>, ID:0002014423, dated January 19, 2005); <u>see generally</u> Del. Super. Ct. Crim. Dkt. for <u>State v. Gaines</u> in ID No. 0002014423. Petitioner did not appeal the modified sentence.

Thereafter, in April 2005, Petitioner filed a Petition for a Writ of Habeas Corpus in the Superior Court, arguing that: (1) the Superior Court violated Rule 82 and the Sixth and Eighth Amendments by assigning a new judge to preside over his second violation of probation proceeding without first notifying him; (2) ineffective assistance of counsel; (3) the modified violation of probation sentence violated Delaware's Truth in Sentencing Guidelines ("TIS") and violated procedural due process; (4) the modified sentence violated Petitioner's right against Double Jeopardy; (5) the failure to credit Petitioner's sentence with the two years served at Level V violated his right to Due Process and his right against Double Jeopardy; and (6) Petitioner should be placed in a treatment program, not incarcerated. (D.I. 22, "Memorandum and Points of Authority" in Civ. A. No. 05M-04-003, Crim. ID: 0002014423) The Superior Court denied the Petition, finding that Petitioner was legally detained and the relief requested could not be properly granted through a writ of habeas corpus. (D.I. 22, April 7, 2005 Order in <u>In the Mater of Anthony Gaines</u>, Civ. A. No. 05M-04-003, Crim. ID: 0002014423)

In May 2005, Petitioner attempted to file a document titled a motion for state post-conviction relief, but the Superior Court rejected the document as non-compliant for failing to have Petitioner's original signature. On May 25, 2005, Petitioner filed a document titled "Motion for Postconviction Relief," raising the same grounds previously asserted in his Petition for a Writ of Habeas Corpus. The Superior Court construed the motion as a Motion for Modification of Sentence pursuant to Delaware Superior Court Criminal Rule 35, and denied it as time-barred. See Del. Super. Ct. Crim. Dkt. for State v. Gaines in ID No. 0002014423 at Items 66, 68, 69; (D.I. 22, Order in State v. Gaines, ID: 0002014423, dated June 2, 2005). Petitioner filed another Petition for a Writ of Habeas Corpus in the Superior Court on June 17, 2005, again raising the same six issues raised in his prior motions. The Superior Court denied the Petition on July 25, 2005, specifically stating that the relief requested is not properly granted through a writ of habeas corpus. See Del. Super. Ct. Crim. Dkt. for State v. Gaines in ID No. 0002014423 at Items 70-71; (D.I. 22, Order dated July 25, 2005 in In the Matter of Anthony L. Gaines, Civ. A. NO. 05M-06-071JOH, Crim. ID 0002014423). Petitioner did not appeal that decision.

On August 1, 2005, Petitioner filed the instant Petition. (D.I. 1.) Respondent filed an Answer, asserting that the Petition should be dismissed because all the claims are

4

procedurally barred. (D.I. 18.)

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot
review a habeas petition unless the petitioner has exhausted all
means of available relief for his claims under state law.  28
U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44
(1999); Picard v. Connor, 404 U.S. 270, 275 (1971).  A
petitioner satisfies the exhaustion requirement by "fairly
presenting" the substance of the federal habeas claim to the
state's highest court, either on direct appeal or in a post-
conviction proceeding, in a procedural manner permitting the
state courts to consider it on the merits.  See Duncan v. Henry,
513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351
(1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).
If a petitioner presents unexhausted habeas claims to a federal
court, but state procedural rules bar further state court review
of those claims, the federal court will excuse the failure to
exhaust and treat the claims as exhausted.  Lines v. Larkins, 208
F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223
(3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989).
Although deemed exhausted, such claims are considered
procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749
(1991); Lines, 208 F.3d at 160.

A federal court cannot review the merits of procedurally

5

defaulted claims unless the petitioner demonstrates either cause
for the procedural default and actual prejudice resulting
therefrom, or that a fundamental miscarriage of justice will
result if the court does not review the claims. McCandless v.
Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at
750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).
To demonstrate cause for a procedural default, the petitioner
must show that "some objective factor external to the defense
impeded counsel's efforts to comply with the State's procedural
rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  To
demonstrate actual prejudice, the petitioner must show that the
errors during his trial created more than a possibility of
prejudice; he must show that the errors worked to his actual and
substantial disadvantage, infecting his entire trial with error
of constitutional dimensions." Id. at 494.

        Alternatively, if the petitioner demonstrates that a
"constitutional violation has probably resulted in the conviction
of one who is actually innocent," then a federal court can excuse
the procedural default and review the claim in order to prevent a
fundamental miscarriage of justice. Murray, 477 U.S. at 496;
Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank,
266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice
exception applies only in extraordinary cases, and actual
innocence means factual innocence, not legal insufficiency.

6

Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477
U.S. at 496. A petitioner establishes actual innocence by
asserting "new reliable evidence - whether it be exculpatory
scientific evidence, trustworthy eyewitness accounts, or critical
physical evidence - - that was not presented at trial," showing
that no reasonable juror would have voted to find the petitioner
guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d
333, 339-40 (3d Cir. 2004).

### III. DISCUSSION

Petitioner presents the following four habeas claims
regarding his second violation of probation proceeding: (1) the
sentencing court violated court rules and the Sixth, Eighth, and
Fourteenth Amendments by failing to notify Petitioner about the
fact that a different judge would be presiding over his second
violation of probation proceeding; (2) the sentencing court
violated state sentencing guidelines in violation of the Fifth
and Fourteenth Amendments; (3) Petitioner's violation of
probation sentence violated the Double Jeopardy Clause; and (4)
Petitioner's Due Process rights have been violated because he did
not receive proper credit for time served.  (D.I. 1.)

The record reveals that Petitioner did not appeal the
sentence and modified sentence rendered in his second violation
of probation proceeding. Although Petitioner raised his habeas
claims in a Motion to Modify or Reduce the Sentence imposed for

7

his second violation of probation, as well as two state Petitions for a Writ of Habeas Corpus, Petitioner did not appeal the Superior Court's orders denying those applications. Any attempt on Petitioner's part to either appeal the second violation of probation sentence (or modified sentence) or appeal the Superior Court's orders at this point in time would be denied as untimely. See Del. Supr. Ct. R. 6(a)(iii) and Del. Code Ann. tit. 10, § 147. Additionally, any new Rule 35 motion would be denied as untimely and repetitive. See Del. Super. Ct. Crim. R. 35(b). Consequently, Petitioner's claims are unexhausted but procedurally defaulted, and federal habeas review will be precluded absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner filed a Response to the State's Answer, but does not provide any reason for his failure to appeal the sentence imposed for his second violation of probation or the Superior Court's judgments denying his motions regarding that sentence. See (D.I. 21.) Moreover, given Petitioner's numerous filings in state court, the Court cannot perceive that any external impediment prevented him from filing a timely appeal in the Delaware Supreme Court. Therefore, Petitioner has failed to present cause for his procedural default.

In the absence of cause, the Court does not need to address the issue of prejudice. Further, the Court concludes that

8

Petitioner has made no colorable claim of actual innocence, and therefore, Petitioner cannot establish that a miscarriage of justice will occur if the Court does not review the merits of his claims. Accordingly, the Court will dismiss the Petition in its entirety because federal habeas review of Petitioner's claims is procedurally barred.

## IV.   MOTIONS

Petitioner filed two Motions for Discovery while his Petition was pending before the Court. (D.I. 10; D.I. 13.) For the reasons discussed, the Court is dismissing the Petition. Therefore, the Court will deny the instant Motions for Discovery as moot.

## V.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to

9

issue a certificate of appealability unless the petitioner
demonstrates that jurists of reason would find it debatable: (1)
whether the petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was correct in
its procedural ruling.  Id.

     The Court has concluded that it is procedurally barred from
reviewing the merits of Petitioner's habeas claims.  Reasonable
jurists would not find this conclusion to be debatable.
Therefore, the Court declines to issue a certificate of
appealability.

**VI.   CONCLUSION**

     For the reasons discussed, Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be
denied.

     An appropriate Order will be entered.

10

## Orders on Motions

1:05-cv-00555-JJF Gaines v. Delaware Correctional Center et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from dab, entered on 8/16/2006 at 3:27 PM EDT and filed on 8/15/2006

**Case Name:**     Gaines v. Delaware Correctional Center et al
**Case Number:**     1:05-cv-555
**Filer:**
**Document Number:** 28

**Docket Text:**
ORDER that [1] Application for a Writ of Habeas Corpus is DISMISSED and the relief requested is DENIED and [10] & [13] Motions for Discovery DENIED as moot. Signed by Judge Joseph J. Farnan, Jr. on 8/15/06. (dab, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/16/2006] [FileNumber=259490-0]
[605d20bbd0e677ca5585a2334f7c5f9052df64c52558de69b5bcfa1383fbf742ef79
b2c8b3ba7edb4386a80594bf91992c9f76619f3cba082510121e7506725e]]

**1:05-cv-555 Notice will be electronically mailed to:**

Thomas E. Brown     thomase.brown@state.de.us,

**1:05-cv-555 Notice will be delivered by other means to:**

Anthony L. Gaines
Anthony L. Gaines, Pro Se
1126 N. Heald Street
Wilmington, DE 19805

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
ANTHONY L. GAINES,              :
                               :
              Petitioner,      :
                               :
     v.                        :    Civ. Act. No. 05-555-JJF
                               :
THOMAS L. CARROLL,  Warden,    :
                               :
              Respondent.      :
```

## O R D E R

At Wilmington, this ⟍⟋ day of August, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.  Petitioner Anthony L. Gaines' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 1) is **DISMISSED**, and the relief requested therein is **DENIED**.

2.  Petitioner's Motions for Discovery are **DENIED** as moot. (D.I. 10; D.I. 13.)

3.  The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).


_____
UNITED STATES DISTRICT JUDGE